King v. Estate of Stotts.

---

## C. R. KING, Appellant, v. ESTATE OF MARY J. STOTTS.

### Division One, January 3, 1914.

1. **APPELLATE JURISDICTION: Constitutional Question.** Appellate jurisdiction on the ground that a constitutional question is involved does not depend upon its being well taken, but upon whether it is properly and timely raised and has not prior to the appeal been exploded by decisions of the Supreme Court.

2. **ADMINISTRATION: Allowance of Claim: Appeal to Circuit Court: Matters for Adjudication.** Where the probate court allowed a claim against an estate and afterwards upon the motion of heirs set it aside and rendered judgment for a less amount and the claimant appealed to the circuit court, if his affidavit for the appeal shows that he was appealing from everything that was adjudged by the probate court, the circuit court is possessed of the whole controversy, even though it be granted that its jurisdiction is derivative only.

3. ———: ———: ———: ———: **Trial in Two Sections: Estoppel.** Appellant is estopped to urge as error a proceeding invited and occasioned by his own acts. Where claimant against an estate appealed to the circuit court from an order of the

probate court vacating an allowance previously made and entered in his behalf and in rendering judgment for a less amount, he cannot on appeal complain that the circuit court tried his case in two sections, one on the merits and the other on the question of the power of the probate court to vacate the order of allowance, if his motions invited that course.

4. ———: ———: Vacating: Jurisdiction. The probate court has jurisdiction, under Sec. 220, R. S. 1909, upon the affidavit of an heir filed within four months and notice, to vacate an allowance of a claim against an estate made by default, the objecting heirs not being present, and, if the judgment of allowance is set aside, to grant a hearing or trial upon the merits of the demand; and the circuit court, on an appeal from an order setting aside the allowance, and rendering judgment for a less amount at a subsequent hearing, has a like jurisdiction to hear the motion to vacate.

5. ———: ———: ———: Affidavit: Hearing. The affidavit required by the statute as preliminary to vacating an order allowing a demand against an estate is sufficient if it complies with the terms and requisites of the statute. Nor is it necessary to an order to vacate that the movent give such proof against the allowance as will defeat it at a hearing on the merits; but only that such a showing be made as will convince the court that the matter ought to be reheard in order to be more sure of a correct result.

6. ———: ———: ———: After Four Months: Final Judgment: Constitutional. The statute authorizing the probate court to vacate a judgment of an allowance if within four months the heir, administrator or creditor file an affidavit that the claim has been improperly allowed, etc., violates no constitutional provision, nor denies to all the equal protection of the laws, even though the term at which the demand was allowed has expired before the affidavit is filed.

7. ———: ———: ———: Jury Hearing. The claimant against an estate is not entitled to a jury to try the motion of an heir to vacate an order allowing his claim. The application to vacate a judgment of allowance is one addressed to the discretion of the court.

8. ———: ———: ———: Declining Jury Trial: Judgment. And where the circuit court renders judgment approving and affirming the order of the probate court vacating a prior judgment of allowance in favor of a claimant, who has appealed to the circuit court from everything adjudicated in the probate court, and offered to claimant a trial by jury, which is declined, the court should not proceed to hear evidence on the claim, but should dismiss the cause.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED (*with directions*).

*Oscar B. Elam* for appellant.

(1)  The allowance of the demand was rendition of a judgment against the estate. With the expiration of the term the judgment became final and conclusive. (2) It was no longer open to attack except in a court of equity under the ancient equity jurisdiction for fraud. Fitzpatrick v. Stevens, 114 Mo. App. 497. Or under conditions, and by parties, and in the time and manner prescribed by the statute and not prohibited by the Constitution, in the probate court. Fitzpatrick v. Stevens, 114 Mo. App. 497; Williams v. Gerber, 75 Mo. App. 30; Perry v. Alford. 5 Mo. 503; R. S. 1899, sec. 214; Powers v. Blakey Co., 16 Mo. 437. The probate court of its own motion could not vacate the judgment rendered by it at the November term, at the following February term. (3) The affidavit of Charles L. Henson performs no office except it be as a motion or as a petition or complaint against the judgment obtained by Dr. C. R. King at the preceding term of court, and it is without specifications of reasons to support it as required by Sec. 640, R. S. 1899. Whether considered as a motion or petition, the affidavit is not evidence of the truth of the facts stated therein, and the affidavit tenders no issue triable in the court. (4) The affidavit contemplated by the statute was intended merely as an incident to a complaint to be filed against a judgment not four months old. Its office in the proceeding is like unto the office of the affidavit required to the petition in a suit for divorce. (5) The filing of the affidavit without filing an accompanying petition was like filing the affidavit in an attachment suit or a divorce suit, without filing any statement of a cause of action; or

the filing in the probate court for allowance of a demand against an estate. without verification. It conferred no jurisdiction on the court to act. Bank v. Ward, 45 Mo. 311; Dorn v. Parsons, 56 Mo. 602; Million v. Ohnorg, 10 Mo. App. 437. (6) The case tried by the court, so far as the pleadings show, was made upon the affidavit of Charles L. Henson, and the denial thereof filed by Dr. C. R. King. No evidence was offered to prove the allegations in the affidavit. (7) The case tried by the court on the evidence was the merits of the demand of Dr. C. R. King against the estate. There was no conflict in its material evidence and the evidence proved the demand to be just and due and owing. (8) The probate court is a court of special and limited jurisdiction. In re Elliott's Estate, 27 Mo. App. 223; In re Elliott's Estate, 98 Mo. 384; Cauley v.. Truitt, 63 Mo. App. 356. (9) The jurisdiction of the probate court cannot be presumed or inferred; it must affirmatively appear from the record before the appellate court. (10) The circuit court on appeal acquired no jurisdiction if the probate court had none, and this court is likewise without jurisdiction which is derivative and derived from the court first appealed from. In re Ford, 137 S. W. 32. (11) The case before the court was such a case as entitled Dr. King to a trial by jury.

*Charles L. Henson* for respondent.

(1) A constitutional question, to give the Supreme Court jurisdiction of an appeal on that ground: (a) Must be raised at the first possible moment orderly procedure will allow, otherwise it is waived. Hartzler v. Railroad, 218 Mo. 562; Lohmeyer v. Condage Co., 214 Mo. 685; Asphalt Pav. Co. v. Ridge, 169 Mo. 377. (b) And should be put in the pleadings and kept alive throughout the proceedings, and not abandoned. Hanks v. Hanks, 218 Mo. 670; Kirkwood v.

Highlands Co., 160 Mo. 111. (c) And where no such issue was raised in the probate court in appellant's motion, but was thereafter injected into a like motion in the circuit court on appeal, the question is not sufficiently raised. In re Estate of Strom, 213 Mo. 1. (d) And there must be some rational connection between the facts in the case and the constitutional provision invoked. Railroad v. Flanagan, 218 Mo. 566. And this court is therefore without jurisdiction of this appeal, and it should be transferred. (2) The probate court has jurisdiction over all matters pertaining to probate business, the allowance of demands and vacating allowances which were improperly allowed, that is, jurisdiction of the subject-matter of this proceeding, and the circuit court, on appeal, acquired the same jurisdiction, and the right to try the matter *de novo*. Sec. 34, art. 6, Constitution; R. S. 1909, secs. 220, 296, 4056. (3) If any heir or creditor shall, within four months after any demand shall have been allowed, file in the office of the probate court the affidavit of a credible person, stating that the affiant has good reason to believe and does believe that such demand has been improperly allowed, and shall furnish satisfactory evidence of that fact, and give notice to the adverse party, the court shall vacate the order of allowance and try the matter anew and allow or reject such demand as shall be right. Sec. 220, R. S. 1909 (tracing to Sec. 33, Chap. 123, G. S. 1865, p. 504); Keele v. Keele, 118 Mo. App. 262.

GRAVES, J.—This action originated in the probate court of Lawrence county, December 3, 1906, by the filing of the following unitemized claim against the estate of Mary J. Stotts, deceased:

ORIGINAL DEMAND.

The estate of Mary J. Stotts, deceased, to C. R. King, debtor.

April 28, 1907, to May 26, 1907, 9 visits from

King v. Estate of Stotts.

Crane, Mo., from residence to Stotts City, Mo., 33 1-3
    miles; detained in attendance 21 days visits and
    detaining .. .. ....................................... 350.00
March 17, 1908, to June 9, visits 196 .................... 197.50
                                                          ─────────
    Total amount  ...................................$547.50

This demand was accompanied by the usual affi-
davit, and to it was also attached a waiver of service
by the administrator. On December 14, 1908, the
probate court rendered a default judgment against
the estate for the full amount of the demand. March
22, 1909, the following petition was filed:

### MOVENT'S PETITION.

State of Missouri, County of Lawrence, ss.
        In the Probate Court, February Term, 1909.
In the Matter of the Estate of Mary J. Stotts, Deceased.
    Charles L. Henson, being of lawful age and duly sworn,
upon his oath says that he has good reason to believe and does
believe that the demand of C. R. King, allowed by their court on
the 14th day of December, 1908, for $547.50 has been improperly
allowed, and acting herein for Mary K. Pruitt and Fannie
Davis, heirs at law of said Mary J. Stotts, desires to furnish
satisfactory evidence of such fact of such improper allowance
to this court, and after notice given to said King, the claimant,
asks that such order so allowing such claim shall be vacated
and the matter tried anew in this court, and for proper relief.
                                        CHARLES L. HENSON.
    Subscribed and sworn to before me on this the 22nd day
of March, 1909.                        C. W. CROOKS,
                        Judge of the Probate Court.

Notice of this was duly served upon Dr. King
March 29, 1909, and upon April 12th the claimant
King, making a special appearance, moved to strike
the motion signed by Henson, quoted above, from
the docket for the following reasons:

    First. The said action of Mary K. Pruitt and Fannie. Davis
fails to state facts sufficient to constitute a defense against
the said demand of the said C. R. King, or facts that the
movents propose to prove to show that the demand was im-
properly allowed.

Second. The court had no jurisdiction over the person of the said C. R. King.

Third. The court has no jurisdiction over the subject-matter of said motion of the said Mary K. Pruitt and Fannie Davis.

Fourth. The notice served upon the said C. R. King by the said Mary K. Pruitt and Fannie Davis was not served in the time or in the manner prescribed by law and failed to advise said C. R. King of any facts that said Mary K. Pruitt and Fannie Davis would prove to the court to satisfy the court that the said demand of C. R. King had been improperly allowed.

Fifth. The affidavit and motion filed herein on part of said Mary K. Pruitt and Fannie Davis is insufficient to confer jurisdiction of the subject-matter upon the court and fails to state facts sufficient for a defense against the demand of the said C. R. King or facts sufficient to warrant the court in vacating the allowance of said demand.

This motion of the claimant, King, was overruled, and the probate court, on said April 12th vacated and set aside its judgment of December 14, 1908, and ordered that such demand against the said estate be tried anew. On the same day the probate court entered a new judgment upon the merits allowing to Dr. King $216 instead of $547.50. This judgment on its face purports to have been rendered upon a hearing of testimony in the cause. The claimant, King, thereafter thus moved for an appeal:

Comes now C. R. King and moves the court to grant him an appeal from all of the orders and decisions made and rendered by the court on Monday, April 12, 1909, in the said estate of Mary J. Stotts, deceased, in anywise seeking to affect the rights of said C. R. King as a creditor of the said estate, and particularly the orders, decisions and judgments of the court vacating or seeking to vacate the allowance of a demand against the said estate of Mary J. Stotts in favor of said C. R. King about December, A. D. 1908, and an order, decision or judgment allowing or attempting to allow a demand against the said estate and in favor of said C. R. King on said April 12th, A. D. 1909.

Appeal was granted and the cause in due time reached the circuit court. Upon the arrival of the cause in the circuit court, the claimant, King, on Sep-

tember 15th filed a motion to dismiss the complaint
of Pruitt and Davis in the following language:

> Now comes Dr. C. R. King and moves the court to dis-
> miss the complaint of Mary K. Pruitt and Fannie Davis herein
> for the reasons following, to-wit:
>
> First. The complaint fails to state facts sufficient to
> constitute a cause of action against Dr. C. R. King.
>
> Second. The complaint fails to state facts sufficient to
> confer upon the probate court jurisdiction to hear or deter-
> mine the issues therein tendered.
>
> Third. The complaint fails to state facts sufficient to
> confer upon the probate court jurisdiction to vacate the allow-
> ance made against the estate of said deceased, Mary J. Stotts,
> December 14, 1908, in favor of said Dr. C. R. King, even if
> every allegation therein were true and established to the satis-
> faction of the court.
>
> Fourth. No affidavit was ever filed in the probate court
> or in this court, by or on behalf of said Mary K. Pruitt and
> Fannie Davis, as a basis of or as incident to this proceeding.
>
> Fifth. No statement of facts was ever filed by or on
> behalf of said Mary K. Pruitt and Fannie Davis as a basis
> of or incident of this proceeding.
>
> Sixth. The complaint does not state that the said allow-
> ance was in fact improperly allowed, nor does it state any
> facts from which it can be inferred that it was improperly
> allowed.
>
> Seventh. Section 30 of article 2 of the Constitution of the
> State of Missouri, relating to due process of law, is violated
> by requiring Dr. King to answer to the complaint of the said
> Mary K. Pruitt and Fannie Davis, for same wholly fails to
> advise him of the nature of the complaint against him.
>
> Eighth. The said section 30 of article 2 of the Constitution
> of the State of Missouri, relating to due process of law, is
> violated in requiring said Dr. C. R. King to answer said com-
> plaint upon the notice given him in this proceeding, because
> said notice failed to advise him of the nature of the complaint
> he would be called upon to defend against and was not issued
> or served by lawful authority, or in proper time or manner.
>
> Ninth. The only notice ever given said Dr. C. R. King was
> given after said complaint was filed in the probate court.
>
> Tenth. The service and the notice were both insufficient
> to confer upon the probate court jurisdiction over the subject-
> matter of the motion or of the person of the defendant.

This motion of Dr. King's was overruled by the
court, and the claimant King then demanded a jury
to try the one question as to whether or not the pro-

bate court had "improperly allowed the demand of C. R. King against the estate of Mary J. Stotts, deceased." This request for a jury upon that question the circuit court declined. Upon a hearing upon this question on September 16, 1909, the circuit court upheld the action of the probate court in setting aside its judgment of December 14, 1908. On the same day, September 16th, the record shows the filing of an answer by the claimant couched in this language:

In the Circuit Court of Lawrence County. To September Term, A. D. 1909.

In the Matter of the Estate of Mary J. Stotts, Deceased.

Comes now Dr. C. R. King and for answer to the complaint of Fannie Davis and Mary K. Pruitt, heirs at law of said Mary J. Stotts, deceased, denies each and every allegation therein and prays the court to render judgment in favor of said Dr. C. R. King for his costs in this behalf laid out and expended.                    OSCAR B. ELAM,
                                  Attorney of Dr. C. R. King.

And to this counsel for the estate replied by moving to strike out said "pretended answer" assigning the following as the basis of such motion:

For the reason that the said C. R. King has filed his demand in the probate court and the entire record is in this court upon said King's appeal wherein, if he recovers, it will be necessary for said King to prove his said claim and a trial de novo will be necessary of all the matters and things embodied in said appeal.

We find no disposition of this motion, in terms, in the record.

The trial below was dual in form. First the trial court determined the question as to whether or not the probate court had the right to vacate its judgment of December 14, 1908, and, secondly, the merits of the cause was disposed of by a judgment against the claimant. From the record it appears that claimant declined to participate in the hearing upon the merits. This we glean from the following in a somewhat mixed record:

Here Dr. C. R. King rests his case.

Mr. Henson:  I move the court that he make an order finding this claim is improperly allowed and that we go ahead to try the matter now as to the amount of Dr. King's demand as provided by section 214.

Motion sustained by the court.

Mr. Elam:  Dr. C. R. King excepts.

Mr. Henson:  The estate of Mary J. Stotts is here now and ready to take up and try anew the demand of C. R. King.

Mr. Elam:  Dr. King refuses to try the case upon the merits.

The claimant then filed a motion for a new trial, accompanied by some remarks of counsel thus:

Dr. C. R. King comes now and moves the court to set aside and rehear the judgment rendered herein this day vacating the allowance made by probate court of Lawrence county, Missouri, against the estate of said deceased, Mary J. Stotts, in favor of Dr. C. R. King, December 14, 1908, for the reason that the court over the objection and exceptions of said Dr. C. R. King and to his prejudice:

First.  Erroneously overruled the plea of said King to the jurisdiction of the court.

Second.  Erroneously overruled the motion of said King to dismiss the complaint of Mary K. Pruitt and Fannie Davis.

Third.  Rendered a judgment not within the issues tendered by the pleadings.

Fourth.  Admitted incompetent, irrelevant and immaterial evidence.

Fifth.  Excluded competent, relevant and material evidence tendered on behalf of said King.

Sixth.  Rendered a judgment not supported by any evidence.

Seventh.  Rendered a judgment in conflict with the undisputed evidence.

Eighth.  Rendered judgment against the wrong party.

Ninth.  Denied the said King the right of trial by jury in violation of section 28 of article 2 of the Constitution of Missouri, and section 30 of article 2 of the Constitution of Missouri.                                                    C. R. KING,

By his attorney, Oscar B. Elam.

Filed Sept. 16, 1909.

U. S. KENDALL,
Circuit Clerk.

Mr. Elam: The motion for a new trial is on the hearing in relation to vacating the original allowance and Dr. King does not appear to the cause on its merits.

The motion was overruled and a motion in arrest of judgment met a like fate. This latter motion filed will not be set out because it raises no question material here. By a separate judgment the trial court rejected the claim of Dr. King and entered judgment against him for costs. The affidavit for appeal is not set out, but the record entry is as follows:

> Now at this day comes C. R. King by his attorney and by leave of court files affidavit and application for an appeal herein, and deposits with the clerk of this court the ten dollars docket fee as required by law. Whereupon the court having duly considered said affidavit and application, awards the said C. R. King an appeal herein to the Supreme Court of the State of Missouri.

The short form transcript filed in this court contains both judgments entered by the circuit court; i. e., the separate judgment wherein the circuit court upon a hearing found that the probate court was right in setting aside the judgment of December 14, 1908, as well as the separate judgment wherein the circuit court found against the claimant as to his claim. The foregoing fully states the case here for all purposes urged in the briefs.

I. It is suggested that this court has no jurisdiction of this appeal. The amount would give jurisdiction elsewhere, but we are inclined to the view that the record from the probate court and in the circuit court bear evidence of timely constitutional questions, which give this court jurisdiction. It is not a matter of whether the constitutional questions are well taken, but whether they are properly and timely raised, and have not heretofore been exploded by decisions of this tribunal prior to the appeal in the instant case. Granting the constitutional questions lodged in the record by this rule, the jurisdiction of the appeal is here.

*Appellate Jurisdiction: Constitutional Question.*

II. The record is not the clearest one we have read, but we are impressed with the view that the affidavit for appeal filed in the probate court brought the whole controversy to the circuit court. That affidavit set out in our statement of facts shows that Dr. King was appealing from everything that was adjudged by the probate court. So that grant it, without deciding, that the jurisdiction of the court is derivative only, and that it can on appeal only go into the matter brought by appeal from the probate court, yet in this case, under the affidavit filed, the whole case, including both orders and judgment of the probate court, were brought by appeal to the circuit court. That court was therefore possessed of the whole controversy, and if its action is consonant with legal rules, the judgment entered by it should be affirmed.

*Allowance of Probate Court: Appeal: Derivative Jurisdiction.*

III. Brushing aside the driftwood in the record for another step forward, we must rule that Dr. King cannot complain of the dual trial given below. By this we mean he is not in position to question the matter of the trial court having proceeded to try his cause in two sections. In so trying the cause the court was but following the lead of Dr. King and his counsel. Dr. King demanded a jury to try the one question of whether or not the probate court had "improperly allowed the demand of C. R. King against the estate of Mary J. Stotts, deceased." In the trial in the circuit court, after Dr. King's motion to dismiss the complaint of Mary K. Pruitt and Fannie Davis had been overruled, we find this interesting matter in the record:

*Invited Error.*

"Mr. Elam: Dr. King moves the court for a trial by jury on the question of whether the probate court improperly allowed the demand.

"The Court:. Overruled.

"Mr. Elam: Plaintiff excepts to the action of the court in refusing a jury for trial on the question of whether the probate court improperly allowed the demand of C. R. King against the estate of Mary J. Stoots, deceased.

"The Court: The court declines to have a jury, basing its ruling on section 214, Revised Statutes 1899, to try the question of improper allowance.

"Mr. Elam: Dr. King excepts."

The court thereupon proceeded to hear testimony upon the circumstances of the allowance originally made by the probate court to Dr. King, and in connection therewith testimony upon the value of his services to the deceased. Throughout all this Dr. King and his counsel appeared and cross-examined witnesses. Not only so, but Dr. King put on witnesses in his own behalf, and testified himself in his own behalf. This testimony tended to both the service rendered to deceased by Dr. King and the value thereof. But throughout this whole proceeding it is clear that counsel upon both sides were aiming to try the one issue, as to whether or not the probate court was in error in vacating its original judgment, and as evidence of that situation, and at the end of it all, is Dr. King's motion for new trial which expressly assails but the one judgment, and that one the judgment adjudging that the probate court was right in setting aside the original allowance. But for fear the court might misunderstand the motion counsel for Dr. King undertook to make it plain thus:

"Mr. Elam: The motion for a new trial is on the hearing in relation to vacating the original allowance and Dr. King does not appear to the cause on its merits."

This is the only motion for new trial found in the whole record, and it goes solely to the first judgment described in our statement. From it all it is clear

that the plaintiff, King, was in a large measure responsible for the dual trial which was had, and if there was error in that method of proceeding, he would be estopped from urging an error thus invited and occasioned by his own acts.

IV. There is at least here for our review the question raised as to the judgment setting aside the original allowance to Dr. King in the probate court. There is a motion for new trial directed at this part of the trial court's action, and as we have held both judgments have been appealed from, the question raised as to the preliminary order or judgment are here for review.

If we gather the force of counsel's contentions they are (1) that the court was without jurisdiction to enter such a judgment, and (2) that the court *nisi*

**Vacating' Order of Allowance of Probate Court.** denied to Dr. King a trial by a jury upon the issue as to whether or not the original allowance to Dr. King should be set aside. Of course there are other matters in the motion for new trial, but they all cluster around these two questions. Of these two questions in order. Was the circuit court without jurisdiction? We think not. First by the appeal of Dr. King from the probate court the whole case was brought in regular order to the circuit court, and if the probate court had a right to entertain a motion to vacate the original allowance, then the circuit court on appeal acquired jurisdiction to determine the same question. The statute under which the heirs of the deceased proceeded, is Revised Statutes 1909, section 220, and reads:

"If an executor, administrator, heir or creditor of an estate shall, within four months after any demand shall have been allowed, file in the office of the probate court the affidavit of himself or some credible person, stating that the affiant has good reason to be-

lieve, and does believe, that such demand has been improperly allowed, and shall furnish satisfactory evidence of that fact to the court, and further, that notice has been given the opposite party or parties in interest, the court shall vacate such order of allowance and try the matter anew, and allow or reject such demand, as shall be right; and if, upon such new hearing, such demand shall be allowed, it shall be classed and paid as if such new hearing had been granted.''

The affidavit we have set out in full in our statement of the case. This affidavit complies with the statute, supra. This statute, which is an amendment of an older statute, is highly remedial, and intended to facilitate the work of the probate courts, in getting at righteous results in allowances. SMITH, P. J., in Martin v. Estate of Nichols, 63 Mo. App. l. c. 349, thus speaks of the present statute:

''The section is remedial in its character and must receive a liberal construction. [Weil v. Simmons, 66 Mo. 617.] The plain and obvious object the lawmaker had in view in so amending the statute was to afford the administrator, executor, heir, or creditor of an estate, having reason to believe that an improper allowance had been made against the estate, an opportunity to have the same, within four months thereafter, set aside and the matter tried anew, and this, too, whether notice of the presentation is given to the representative or his agent. And this statutory enlargement of the jurisdiction of the probate courts does not, in any way, alter or affect the jurisdiction of the circuit courts exercising equitable jurisdiction. The jurisdiction of these courts, in cases of fraud, is not ousted because a remedy exists at law. [Dingle v. Pollick, 49 Mo. App. 479.]''

Under such a statute, if the affidavit complies with the terms and requisites of the statute, it is sufficient. This affidavit follows the language of the statute and should be held sufficient. Again the statute

provides a concurrent and not an exclusive remedy against such allowances. [Fitzpatrick v. Stevens, 114 Mo. App. l. c. 503.] It still leaves the remedy in equity, if there are facts for equity. [Fitzpatrick v. Stevens, supra, and cases cited therein.] Going a step further, the statute itself seems to contemplate two hearings, i. e. (1) on the question as to whether the judgment of allowance shall be set aside, and (2) a hearing (if the judgment of allowance is set aside) as to whether the claim should be allowed at all. The courts seem to so treat the statute. Thus in Keele v. Keele, 118 Mo. App. l. c. 278, GOODE, J., says:

"But it is said that section 214 requires the party moving to vacate a demand, to furnish satisfactory evidence to the court that the demand was improperly allowed. We do not understand the statute to mean that the mover must give such proof against the allowance as would be required to defeat it at a hearing on the merits; but only that such a probable showing must be made against its propriety as will convince the court that the matter ought to be reheard in order to be more sure of a correct result. The findings of fact contained in the judgment vacating the present allowance show the court was satisfied to that extent. There was no abuse of judicial discretion in the ruling to justify us in reversing it."

It is also held that one contesting an allowance in the first instance cannot move to vacate the allowance under this statute. In the Keele case, supra, at page 272 et seq., it is said:

"The scope of that section has not been fully defined by adjudications; but in our judgment it was not intended to allow a party interested in an estate who appears and contests the allowance of a demand, to move afterwards to vacate the allowance on the same grounds on which he contested it. To take this view of the statute would annul, as far as the allowance of demands against the estate of deceased persons is con-

cerned, the general doctrines governing the effect of former adjudications. An executor, administrator, heir, devisee, legatee, creditor, or other person having an interest in an estate may appeal from a judgment allowing against the estate a demand exceeding ten dollars. [R. S. 1899, sec. 278.] If the demand is made after an actual contest by any party in interest, we think section 214 of the statute does not contemplate that such party can have the matter reopened for another contest on the identical ground previously adjudicated.''

In the case at bar, however, we meet with no such difficulty. The original allowance in the probate court was one by default, and the movents here were not present and took no part therein. To conclude this point it is clear that the probate court was possessed by this statute of jurisdiction to hear this motion to vacate, and it being so possessed of jurisdiction the circuit court upon appeal had a like jurisdiction. The statute violates no constitutional provisions, because, forsooth, the term might expire before the end of the four months, and before the filing of the application to vacate. We have a statute allowing a motion to vacate a circuit court judgment, under given circumstances, if such motion be filed within three years. It has never been thought that such a motion violated constitutional provisions, or refused to all the equal protection of the laws. Dr. King was duly notified of the filing of the application to vacate in the probate court.

Vacating Allowance: Hearing by Jury.

In response he entered only a special appearance, when he could have done differently. But be that as it may, the filing of the motion and the service of notice thereof upon him conferred jurisdiction upon the probate court and through it jurisdiction upon appeal upon the circuit court.

Now to the second question. Was Dr. King entitled to a jury? We think not. This application to

vacate a judgment of allowance is one addressed to the discretion of the court. As stated above the statute contemplates (1) a hearing as to whether the allowance shall be vacated, and (2) if it is vacated then a new hearing upon the merits of the case. As said by GOODE, J., in the Keele case, supra, the statute does not "mean that the mover must give such proof against the allowance as would be required to defeat it at a hearing on the merits, but only that such a probable showing must be made against its propriety as will convince the court that the matter ought to be reheard in order to be more sure of a correct result." There is no place for a jury in the hearing of an application thus addressed to the discretion of the court. One might as well demand a jury upon the hearing of a motion for new trial. As the statute contemplates a dual hearing, there was no wrong done in refusing a jury upon the question as to whether or not the original allowance should be vacated. Upon the case upon the merits the court offered Dr. King a jury, but he and his counsel declined to try the case upon its merits, and after such declination the court, without a jury, heard evidence and disallowed the claim. We say heard evidence, because the judgment so says, but as Dr. King and his counsel were not there to preserve the same in a bill of exceptions, we are left in the dark as to its character.

V. We have seen from what precedes that there is no error in this record, unless there be error in the judgment upon the merits. To this judgment we drift next. The record being a peculiar one we prefer to set out this judgment, so that it may speak for itself. Such judgment follows the judgment affirming the action of the probate court in vacating the original allowance, and reads:

**Judgment Upon Merits.**

C. R. King, Plaintiff,

v.

Estate of Mary J. Stotts, Deceased.

Judgment against C. R. King on his demand.

After the vacation, as improperly allowed, of the order of the probate court of Lawrence county, Missouri, made December 14, 1908, in favor of C. R. King and against the estate of Mary J. Stotts, deceased, by this court, and the affirmance by this court of the order of the probate court made April 12, 1909, vacating, as improperly allowed, said allowance of December 14, 1908, from which last named order, as well as other orders made herein on April 12, 1909, by said probate court, said King appealed to this court, the above entitled cause and matter of the demand of C. R. King against said estate comes on now to be heard and tried anew and be allowed or rejected as shall be right.

And it appears that the administrator of the estate of Mary J. Stotts, deceased, having waived the service of the notice of the presentation of said demand in the probate court aforesaid, and James D. Whaley, administrator of said estate of Mary K. Pruitt and Fannie G. Davis, heirs at law of said Mary J. Stotts, deceased, and of her estate, by Charles L. Henson, their attorney, appear and ask and demand of said C. R. King and this court that said matter of the demand of said C. R. King against said estate be now tried anew and announce ready for trial; and said C. R. King although requested to do so, doth refuse to appear to this proceeding or to show any cause for continuance thereof, whereupon the court, a jury being waived, doth proceed to hear the evidence adduced on said demand of said C. R. King, and after hearing all the evidence adduced doth find the issues against said C. R. King, and that he is not entitled to recover herein, and his demand against said estate is therefore rejected. Wherefore, it is considered, odered and adjudged that said administrator go hence without day and that he recover of and from said C. R. King his costs herein laid out and expended, for all which execution may issue.

The things which happened at this trial are not preserved by bill of exceptions. They announced that they would not appear and try the merits. The judgment recites that Dr. King refused to appear. The question then is, what should have been done by the trial court? As a fact the trial court proceeded to try King's case after he had abandoned it. His claim was in the nature of a suit against the estate. When

he declined to make proof of the claim, the court should have dismissed his case, and should not have proceeded to try it and render judgment against him as was done. The court could have adjudged the costs against him upon a dismissal of his claim, but should not have gone further. It follows that the judgment entered on the merits should be reversed. Upon the whole the judgment vacating the original allowance of the probate court is affirmed, and the judgment on the merits reversed and cause remanded with directions to the trial court on that branch of the case to enter up a judgment dismissing the claim for failure to prosecute the same, which judgment should carry with it a judgment for costs. It is so ordered. All concur.