STATE OF MISSOURI at the Relation and to the use of PENNSYLVANIA FIRE INSURANCE COMPANY et al., Relators, v. NIKE G. SEVIER, Judge of the Circuit Court of Cole County.—102 S. W. (2d) 882.

Court en Banc, March 9, 1937.

676

*Robert J. Folonie, E. R. Morrison* and *Homer H. Berger* for relators; *Ragland, Otto & Potter* and *Igoe, Carroll & Keefe* of counsel.

*Lewis H. Cook, H. P. Lauf, Gilbert Lamb* and *Glenn C. Weatherby* for respondent.

COLLET, J.—Original proceeding in prohibition. On June 5, 1930, a large number of stock fire insurance companies operating in Missouri brought an action to review an order of the State Superintendent of Insurance by which order that officer had refused to approve a proposed rate increase, initiated by the insurance companies. That cause was entitled American Constitutional Fire Assurance Company et al. against the then acting insurance superintendent. The present insurance superintendent was substituted as defendant upon his ascension to that office. That cause will hereafter be referred to as the "rate case." Immediately prior to the institution of the rate case the insurance companies began collecting the increased rates theretofore initiated by the companies but disapproved by the insurance superintendent. Upon the filing of the rate case the circuit court ordered the impounding of the increase upon the theory that the statute (Sec. 5874, R. S. 1929) authorized such a course. On May 30, 1932, an action in mandamus was instituted in this court by an insurance company affected by certain orders made in the pending rate case charging certain imperfections in those orders. The relief sought in that case is of no importance here. However, in the opinion in that case delivered by this court on August 4, 1932, reported in State ex rel. North British & Mercantile Ins. Co. v. Thompson, 330 Mo. 1146, 52 S. W. (2d) 472, it was held that the statute (Sec. 5874, supra) made no provision for impounding a rate increase during the pendency of a statutory review proceeding under Section 5874. On January 24, 1933, the Attorney General filed an information in this court in the nature of a *quo warranto*, charging, among other things, that the insurance companies were making unlawful collections of premiums to the extent of the increase above referred to, and requesting that this court "make a proper order for distribution" of the impounded funds. The proceeding last referred to will be referred to as the "*quo warranto*" case. The opinion in that case is reported in State ex inf. McKittrick v. American Colony Ins. Co., 336 Mo. 406, 80 S. W. (2d) 876. It held that the collection and impounding of the increase was unauthorized in a statutory proceeding under Section 5874, supra, and ordered that such collection and impounding cease, "unless . . . the same be permitted under the order, judgment or decree of a court of competent jurisdiction in that behalf. That opinion further held that the collection of an increase and the impounding thereof was proper in a proper injunction proceeding in equity. After the opinion in the *quo warranto* case was delivered an amended petition asking injunctive relief was filed in the rate case and a temporary injunction importing to authorize the future collection of the increase was obtained on May 9, 1935. Final judgment was entered by the circuit court in the rate case on May 23, 1935. By that judgment the increase was denied and all of the im-

pounded funds ordered distributed to the policyholders from whom they had been collected. An application for appeal from this judgment was made and an appeal was granted to this court. Appeal bond was fixed, given and approved, and the appeal was duly lodged here on May 27, 1935.

On July 28, 1936, Charles H. Buchanan and Louise M. Buchanan, on behalf of themselves and others similarly situated, filed a petition without notice or leave of court, in the same circuit court from which the appeal was taken in the rate case, by which petition they sought to establish, as policyholders, claims against the funds impounded in the rate case and to secure the payment of the claims and the distribution of the impounding funds. The petition in the present action was filed August 5, 1936, after notice had been given that the Buchanan petition would be taken up by the court on August 18, 1936. By the present proceeding relators, who are appellants in the rate case, seek to prohibit the respondent as judge of the circuit court from proceeding with the Buchanan petition and possibly distributing the impounded funds pending determination of the appeal in the rate case.

Respondent contends that since the opinion in the *quo warranto* case held that relators were not entitled to collect the increase or the court to impound that increase in a statutory review proceedings, it must necessarily follow that relators have no interest in the funds impounded prior to the granting of the temporary injunction, and therefore respondent may proceed to distribute those funds.

Respondent misconceives the effect of the opinion in the *quo warranto* case. It was there stated (l. c. 441):

''But we have no right in this *quo warranto* proceeding directly or indirectly to take charge of the funds which have been impounded in the circuit court in the review proceeding, and to order their disbursement and distribution by that court to policyholders as prayed in the Attorney General's information. The circuit court has jurisdiction of those funds.''

We did not undertake to determine the title to the impounded funds in the *quo warranto* case. The rate was still pending at the time with no final judgment rendered, which facts were then before this court. The title and proper disposition of the funds impounded in the rate case would necessarily be more accurately determined in the proceeding in which the order for the impounding of the funds was made. The title to the funds not having been adjudicated in the *quo warranto* case, Case v. Sipes, 280 Mo. 110, 217 S. W. 306; City of St. Louis v. United Rys. Co., 263 Mo. 387, 174 S. W. 78, and Hartford Fire Ins. Co. v. Ibs, 237 U. S. 662, and other cases of similar import cited by respondents are no authority in this case.

That respondent intended to provide for the distribution of the

impounded funds in the judgment in the rate case is evidenced by the following excerpt from that judgment:

". . . And it is further considered, ordered, adjudged and decreed that the funds heretofore impounded herein be disbursed among the policyholders lawfully entitled thereto, subject to such other lawful claims and demands, if any, as may constitute a proper charge against said fund, under the orders and judgments of this court."

As heretofore related, an appeal from the judgment in the rate case was duly taken to this court. That appeal was presented by oral argument and submitted to this court en banc on the day preceding the submission of this case. In the appeal in the rate case the determination of the title to the impounded funds and the proper distribution thereof was formally presented and submitted. It therefore becomes apparent that the question presented in the present case is simply one of procedure—that question being whether a circuit court may enter a judgment disposing of an impounded fund, grant an appeal from that judgment, and then while that appeal is pending make an order based upon a petition filed in the case after the granting of the appeal, which order would dispose of the fund pending the appeal and in spite of it. To hold that such authority is vested in respondent would substantially nullify the rights incident to an appeal. We find nothing in State ex rel. North British & Mercantile Ins. Co. v. Thompson, 330 Mo. 1146, 52 S. W. (2d) 472, Borchers v. Barckers, 158 Mo. App. 267, 138 S. W. 555, or In re Antigo Screen Door Co., 123 Fed. 249, supporting such procedure.

■ Respondent argues that since the amount of the appeal bond in the rate case was only $25,000 and the impounded funds totaled approximately $1,650,000, the appeal bond was given and accepted as a cost bond only and did not operate as a *supersedeas*. That contention is sufficiently answered by the fact that the impounded funds were in the custody of the court and under its direction and control, and hence it was unnecessary to require appellants to give a bond in a suit in equity guaranteeing the payment of the funds to the parties who should, on appeal, be held to be entitled to it.

The provisional rule in prohibition should be made absolute. It is so ordered. All concur.