WILLIAM B. BOSTIAN, as Trustee In Bankruptcy of BESSIE EICHENBERG, v. M. G. MILENS, Administrator of the Estate of HARRY C. MILENS, Deceased; M. G. MILENS, CHARLES E. MILENS, and REBECCA WESTERMAN, Appellants.—No. 39412.—188 S. W. (2d) 945.

Division One, July 2, 1945.

154

*Myer M. Rich, Julius C. Shapiro* and *Walter A. Raymond* for appellants.

*Nelson E. Johnson* and *C. E. Thomson* for respondent.

VAN OSDOL, C.—Suit in equity instituted by the trustee of the estate of Bessie Eichenberg, a bankrupt, to cancel and hold for naught written and oral renunciations (by which the bankrupt had undertaken to renounce her rights as an heir at law of her brother Harry C. Milens, deceased) and to decree the plaintiff trustee to be

vested with the title to an undivided one-fourth interest in the decedent's estate.

Harry C. Milens died intestate February 1, 1942. He was survived by two brothers, M. G. and Charles E. Milens; and two sisters, Rebecca Westerman and Bessie Eichenberg. February 25, 1935, one Fenton had obtained a $29,392.28 judgment against Bessie Eichenberg and another. July 20, 1942, Fenton, judgment creditor, filed an involuntary petition in bankruptcy against Bessie Eichenberg in the United States District Court for the Western District of Missouri, and she was adjudicated a bankruptcy August 5, 1942. M. G. Milens as administrator, and M. G. Milens, Charles E. Milens, Rebecca Westerman and Bessie Eichenberg as heirs at law of Harry C. Milens, deceased, are joined as defendants in the instant case. It is alleged in plaintiff's petition that on or about May 25, 1942, defendant Bessie Eichenberg executed and delivered to the administrator a paper writing, dated March 9, 1942, purporting to be a renunciation of any interest which she possessed as an heir at law in the estate of Harry C. Milens, deceased; that, according to the information and belief of plaintiff, Bessie Eichenberg had on one or more occasions prior to the signing of the purported written renunciation, and after the death of Harry C. Milens, attempted to orally renounce her interest in the estate; that, at the time of the purported written and oral renunciations, Bessie Eichenberg was insolvent; that she received no consideration for the purported renunciations; and that the renunciations were fraudulent as to existing creditors and constituted a fraudulent transfer of property within the meaning of the Bankruptcy Act.

Defendants M. G. Milens and Rebecca Westerman filed a separate general demurrer, and defendant Charles E. Milens filed a separate demurrer and motion to dismiss; the demurrers and motion to dismiss were overruled and these defendants, heirs at law, excepted and refused to plead further. M. G. Milens as administrator filed answer stating that as administrator he (though a "stakeholder") had no interest in the outcome of the case, but requested that the plaintiff be put to strict proof. Defendant Bessie Eichenberg did not plead. The trial court found for the plaintiff and decreed that the purported written and oral ▮▮▮ renunciations of Bessie Eichenberg "be and the same are hereby declared invalid and of no force and effect . . .," and that plaintiff trustee be "vested with and the rightful owner of the undivided interest and distributive share of Bessie Eichenberg, if any, in the estate of Harry C. Milens, deceased, . . ." Defendants, other than Bessie Eichenberg, have appealed.

▮▮▮ We are confronted with the question—has this court jurisdiction of the appeal. Plaintiff claims as assets of the estate in bankruptcy a one-fourth interest in the estate of Harry C. Milens, deceased, which latter estate, consisting entirely of personal property, was inventoried at $93,102.14. The cash assets were shown in the adminis-

trator's first semi-annual settlement to have been $88,037.78. Demands had been allowed prior to September 24, 1942 (the date the semi-annual settlement was signed) in the aggregate amount of $49,-852.62, after which allowances there was a balance of $38,185.16 cash, and other assets of $3131.25 value, in the hands of the administrator. On September 24th there remained more than four months during which time demands could be exhibited for allowance. (Article 7, Chapter 1, R. S. 1939, Section 181 et seq., Mo. R. S. A. 1939, sec. 181 et seq.) The record herein is devoid of any showing of the amounts of other demands pending on the date of the semi-annual settlement, or of the amounts of demands subsequently exhibited within the time allowed by law, which had been allowed or were pending at the time of trial, and there is no evidence in the record of the amount of expenses of administration. (We know from our own records that another demand has since been allowed in the amount of $10,450. See State ex rel. Bostian, Trustee, v. Ridge, Judge, 354 Mo. 145, 188 S. W. (2d) 941.) Therefore, the record does not affirmatively show beyond conjecture that one-fourth interest in the estate of Harry C. Milens, deceased, after the payment of allowed demands and expenses of administration, will exceed $7500. We do not indulge in speculation and conjecture in determining this court's jurisdiction. This court does not have jurisdiction of the appeal on the ground of the "amount in dispute." Smith v. Oliver (Mo. Sup.), 148 S. W. 2d 795; and Nies v. Stone (Mo. Sup.), 108 S. W. 2d 349, and cases therein cited.

But appellants say that the validity of "authority exercised under the laws of the United States" is here questioned. ("The supreme court shall have exclusive appellate jurisdiction in all cases involving . . . the validity of a treaty or statute of the United States, or any authority exercised under the laws of the United States, . . ." Section 3, Article V, Constitution of Missouri, 1945. And see Section 12, Article VI, Constitution of Missouri, 1875, and Section 5, Article VI, Amendment of 1884.) Heretofore, the United States Circuit Court of Appeals, Eighth Circuit, has reviewed a case in which the District Court of the United States for the Western District of Missouri had affirmed an order of the referee in bankruptcy in a summary proceeding in the Matter of Bessie Eichenberg, Bankrupt. The defendants-appellants in the case at bar, Rebecca Westerman and M. G. Milens, heirs at law, did not join in the appeal from the judgment of the district court affirming the referee's order. The order and judgment of the referee had determined that the purported renunciation, involved in the case at bar, was void. The judgment of the district court was reversed "in so far as it affects the appellants" and the case was remanded for further proceedings not inconsistent with the opinion. Milens v. Bostian, 139 F. 2d 282. Said the court (139 F. 2d at page 284), "We think that the case of Thompson v. Magnolia

Petroleum Co., 309 U. S. 478, 60 S. Ct. 628, 84 L. Ed. 876, indicates that summary jurisdiction cannot be sustained in the instant case. The Supreme Court said in that case (page 481 of 309 U. S., page 630 of 60 S. Ct., 84 L. Ed. 876): 'Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy.' '' And the court further stated (139 F. 2d 284-5) that the question whether the renunciation by an insolvent heir of his interest in the estate of an intestate is effective as against creditors ''is one of (Missouri) State law which has not been settled. . . . The Supreme Court of the United States in Thompson v. Magnolia Petroleum Co., supra, . . . was of the opinion that where a trustee, appointed by a court of bankruptcy, sought to recover property claimed by others, and his claim depended upon the title of the debtor to the property, and the title depended upon an unsettled question of state property law, the bringing of a plenary suit in a state court by the trustee was the course to follow.''

The record does not disclose that the authority of plaintiff trustee to prosecute the instant suit has been put in issue. But it is contended by plaintiff that, since Rebecca Westerman and M. G. Milens perfected no appeal from the decision of the district court, they are bound by that court's decision. It is argued by plaintiff that this contention involves the validity of ''authority exercised under the laws of the United States.'' We are of the opinion such a contention involves the consideration of the effect of the decision of the circuit court of appeals and in no way involves a challenge of the jurisdiction of that court, or the validity of the exercise of its jurisdiction in making the decision. We will not surmise that an appellate court, in reviewing the instant case, will incorrectly determine the effect of the decision, or will refuse to give the decision the effect determined. It would seem that a question of the effect of the decision of the circuit court of appeals, in so far as the question bears upon the appellate jurisdiction of this court, is quite analogous to a question of the ''interpretation and application'' of the terms of a federal statute. It is held that the interpretation and application of the terms of the federal statute *whose validity is not drawn in question* are not within the intendment of the constitutional provision vesting appellate jurisdiction in this court. Service Purchasing Co. v. Brennan (Mo. Sup.), 32 S. W. 2d 81; Mitchell v. Joplin Nat. Bank (Mo. Sup.), 201 S. W. 903, and cases therein cited. Respondents, in support of their contention, have cited the cases of U. S. ex rel. and to Use of First Nat. Bank v. Lufcy, 329 Mo. 1244, 49 S. W. 2d 8; and Beekman Lumber Co. v. Acme Harvester Co., 215 Mo. 221, 114 S. W. 1087. The question involved which gave this court jurisdiction of the appeal in the case of U. S. ex rel. and to

Use of First Nat. Bank v. Lufcy, supra, was that of the jurisdiction of a court of bankruptcy to determine conflicting claims to a fund of which the court had possession; and in the case of Beekman Lumber Co. v. Acme Harvester Co., supra, the question involved was whether a proceeding in bankruptcy bars the right of a plaintiff to prosecute an attachment action in a state court. In both of these cases the problem of the "authority" or jurisdiction of a federal court was involved.

The cause should be transferred to the Kansas City Court of Appeals.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.