STATE OF MISSOURI, at the Relation of WILLIAM B. BOSTIAN, as Trustee in Bankruptcy of BESSIE EICHENBERG, Relator, v. HONORABLE ALBERT A. RIDGE, as Judge of Division Number 6 of the Circuit Court of Jackson County, Missouri.—No. 39364.—188 S. W. (2d) 941.

Court en Banc, July 2, 1945.

146

*Nelson E. Johnson* and *C. E. Thomson* for relator.

*Julius C. Shapiro* for respondent.

148

HYDE, J.—Original proceeding in prohibition. The question is whether the Circuit Court has jurisdiction to try a claimant's appeal from an order of the Probate Court overruling an application to require an administrator to pay his claim. Relator claims that this was not an appealable order because an application to set aside the allowance of the claim was pending undetermined in the Probate Court at the time. The present Judge of Division No. 6 of the Circuit Court, Honorable James W. Broaddus, has been substituted for the original respondent.

The controversy is over the ¼ share of Bessie Eichenberg (hereinafter called the bankrupt) in the estate of her brother Harry C. Milens, deceased. Another brother M. G. Milens (hereinafter called the administrator) was appointed administrator of this estate, by the Probate Court of Jackson County, in February, 1942. William B. Bostian (relator) was appointed trustee of the bankrupt's estate in August, 1942. Another brother Charles E. Milens (hereinafter called claimant) obtained an allowance of a claim of $10,450.00 against the Milens estate on December 22, 1942, at the November Term of the Probate Court. Relator and his counsel were present at this hearing and respondent claims that they had full opportunity to participate therein; and that relator is bound by the result thereof. Relator claims that the administrator and claimant acted in collusion to have the claim allowed; that he took no part in the hearing; that claimant (although an incompetent witness) was permitted by the administrator to testify to transactions with his deceased brother; and that there was a good defense to the merits; but that the administrator wanted the claim allowed and made no actual defense.

The November Term adjourned on February 5, 1943 and the administrator appealed from the allowance of the claim on February 25, 1943. (More than ten days after end of term. See Section 285. This and all other references to statutes are to R. S. 1939 and Mo. Stat. Ann.) This appeal was dismissed in the Circuit Court on November 29, 1943 because not timely taken, but in the meantime several other material proceedings were undertaken.

On April 16, 1943, relator filed a petition in the Probate Court to vacate claimant's allowance. (Within four months after allowance. See Section 211.) The petition alleged that the administrator and his attorney failed to properly defend the claim; that the claim was improperly allowed because claimant was not the owner of the notes on which it was based, and because the notes were barred both by limitation and by former adjudications in bankruptcy of both claimant and deceased; and that these facts were well known to the administrator and his attorney. This petition was overruled by the Probate Court. An application and bond for appeal were filed by relator, and the appeal bond was approved by the clerk. Thereafter, claimant filed a motion to strike from the files the application and bond for appeal and to deny the appeal. This motion was sustained and the approval of the appeal bond was set aside. This was done during the May Term, 1943.

Thereafter, before the end of the May Term, relator filed a motion to set aside the order denying the appeal and to grant such appeal. However, on application of claimant, the Kansas City Court of Appeals prohibited the Probate Court from taking any action while the administrator's appeal from the allowance of the claim was pending in the Circuit Court. After the administrator's appeal was dismissed,

claimant filed in the Probate Court (during the February, 1944 Term) an application for an order requiring the administrator to pay his claim. This application was overruled, June 19, 1944, on the ground that the petition of relator to vacate the allowance of the claim, filed April 16, 1943, was still pending undetermined, and that the orders made during the May Term, 1943, overruling it and denying appeal, were void because made during the pendency of the administrator's appeal in the Circuit Court. Claimant appealed from this order (overruling application for payment of his claim) and it is the trial on this appeal (which had been set for trial on December 6, 1944 by the Circuit Court) which relator seeks to have prohibited.

 Respondent contends that relator has no right to any relief under Section 211 because he participated in the original hearing on the claim, or was at least afforded the opportunity to participate; and that claimant's appeal is authorized by the 14th subsection of Section 283. ("On refusal of the court to order distribution or apportionment among creditors".) However, this order of the Probate Court was not a final determination of claimant's right to payment. It stated "that the claimant's petition for an order directing the administrator to pay his claim allowed on December 22, 1942, for $10,450.00 be denied, without prejudice, however, to a refiling of the same or the filing of a similar petition if and when the judgment allowing said claim becomes final."

The Probate Judge in a memorandum stated the following reasons for this order. "To order payment of this claim while the petition to vacate is pending would be similar to ordering execution in the Circuit Court while a motion for new trial be pending. Furthermore, the situation is somewhat similar to one where a motion for new trial is pending and it be claimed that the errors assigned therein were waived during the trial. Under such circumstances, clearly the motion could not, on the ground of waiver, be ignored or dismissed, but it must be ruled on. This court cannot with propriety render such judgment when only the claimant's petition for an order to pay has been submitted;—or until there be a hearing and submission on the petition and affidavit to vacate. Hence, unless and until there be a final judgment adverse to the trustee on the petition to vacate, there cannot be a valid order to pay the claim."

We think this is a correct statement and that no final order can be made to pay a claim before its allowance becomes final. Our view is that Section 283, subsection 14, refers to the refusal of the Court to order payment of allowed claims, the allowance of which has become final. So if there has not been a final allowance of the claim (because relator's petition to vacate the allowance is still properly pending in the Probate Court awaiting hearing) the order overruling claimant's application for payment was not an appealable order because there

was no finally allowed claim upon which to base it. Thus the decisive question is relator's right to proceed under Section 211.

Apparently this question has been considered in only two cases, Keele v. Weeks, 118 Mo. App. 262, 94 S. W. 775 and King v. Stotts Estate, 254 Mo. 198, 162 S. W. 246. In the King case, the demand was allowed by default. This Court ruled that the remedy afforded by Section 211 was available to heirs, saying that "the section is remedial in its character and must receive a liberal construction"; that is "provides a concurrent and not an exclusive remedy"; and that the "application to vacate a judgment of allowance is one addressed to the discretion of the court." [See also Hoffmeyer v. Mintert (Mo. Sup.), 93 S. W. (2d) 894, on the matter of concurrent remedy.] In the Keele case, the facts were more like those herein presented. The basis of the claim for relief under this section was a charge of conspiracy between the administrator and claimant to have the claim allowed. An attorney for one of the heirs attended the original hearing on the claim, informed the administrator of his desire to contest the claim, and offered to enter his appearance. The administrator refused because he wanted the claim allowed and the attorneys for claimant objected. The Court ruled that this heir was not entitled to be in Court in that proceeding and he and his attorney withdrew. Thereafter a petition to vacate was filed and granted.

The Court of Appeals affirmed this ruling that the heir was entitled to a retrial, saying: "The scope of that section has not been fully defined by adjudications; but in our judgment it was not intended to allow a party interested in an estate who appears and contests the allowance of a demand, to move afterwards to vacate the allowance on the same ground on which he contested it. To take this view of the statute would annul, as far as the allowance of demands against the estates of deceased persons is concerned, the general doctrines governing the effect of former adjudications. An executor, administrator, heir, devisee, legatee, creditor, or other person having an interest in an estate may appeal from a judgment allowing against the estate a demand exceeding $10. . . . If the demand is made (allowed) *after an actual contest* by any party in interest, we think section 214 (now 211) of the statutes does not contemplate that such party can have the matter reopened for another contest on the identical ground previously adjudicated. . . . We are of the opinion that denying respondent's right to be heard on his application left him as fully entitled to invoke any other method of redress the law afforded, including the proceeding provided in section 214, as he would have been if he had not appeared at the hearing of the demand." (Our italics.)

The charge here is the same, collusion between the claimant and the administrator to have this claim allowed. The record here is that relator's attorney asked the attorney for the administrator (when the

case was called) if he intended to defend against the claim. He indicated that he would make a defense and that relator had no standing in the case. Claimant's attorney very vigorously objected against relator's participation. The Court made no definite ruling and relator's attorney stated that administrator's attorney "having announced that he intended to defend the claim, the Trustee in Bankruptcy will take no further part in this proceeding." Relator's complaint is that the administrator made no actual contest; that he wanted the claim allowed; and that his attorney assisted claimant by waiving claimant's incompetency as a witness. It could reasonably be inferred from the record that both the administrator's attorney and claimant's attorney were equally hostile to relator and that he could get no cooperation in the defense of this claim.

If the administrator had permitted an allowance by default, relator would have been entitled to this remedy under the King case. Why should he not be entitled to it if the administrator brought about its allowance by collusion? We think the answer is obvious. The principle is similar to the right of an indemnity insurance company to withdraw from the defense of a case, when there is collusion between the parties, without being bound by the result and to thereafter litigate its liability on garnishment. [See Redler v. Travelers Ins. Co., 342 Mo. 677, 177 S. W. (2d) 241, and cases cited.] Of course, relator could have appealed to the Circuit Court under Section 283; and, if he had prosecuted such an appeal, he could not also avail himself of Section 211. (No doubt, as suggested in the Keele case, the opportunity to participate in an actual good faith contest should likewise bar this remedy.) He could not have both remedies, but since they are concurrent he could take his choice. This view makes immaterial respondent's contention that certain acts of relator (asking continuance, etc.) was a general entry of appearance. The decisive issue is whether or not there was collusion, preventing an actual contest and resulting in an improper allowance. Of course, this petition is addressed to the sound discretion of the Probate Court and may be denied after it has heard both parties and determined all the facts; but relator has the right to have its ruling on his petition now that the administrator's appeal has been dismissed.

 It is further contended that he does not have such right because it is said that he filed his petition and affidavit too soon (that he should not have filed it until after the administrator's appeal was dismissed); and also that the Probate Court could not permit it to be filed while the administrator's appeal was pending in the Circuit Court. Section 211 requires filing "within four months after any demand shall have been allowed." We construe this to refer to the original allowance in Probate Court. We think it was intended that this remedy be promptly utilized. Otherwise closing of estates would be unduly delayed. Furthermore, the claimed construction could allow a retrial after a

trial on appeal in the Circuit Court and even after a final determination in an Appellate Court. Of course, when relator filed it during pendency of the appeal from the original allowance, the Court had no authority to determine it until after disposition of this appeal, which was from an appealable order and not void on its face. (A non-resident has 20 days under Section 285.) Although the Court had no authority to act judicially in this case while it was pending on appeal in the Circuit Court (this was the ground upon which the Kansas City Court of Appeals granted its writ of prohibition), nevertheless all of its ministerial and executive functions therein were not completely suspended. [See State ex rel. Patton v. Gates, 143 Mo. 63, 44 S. W. 739; Reed v. Bright, 232 Mo. 399, 134 S. W. 653; State ex rel. Allen v. Guthrie, 245 Mo. 144, 149 S. W. 305; State ex rel. Elam v. Henson (Mo. Sup.), 217 S. W. 17; State ex rel. and to use of Pennsylvania Fire Ins. Co. v. Sevier, 340 Mo. 675, 102 S. W. (2d) 882; State ex rel. Riefling v. Sale, 153 Mo. App. 273, 133 S. W. 119; Case v. Smith, 215 Mo. App. 621, 257 S. W. 148; see also Ex parte Fuller, 182 U. S. 562, 21 S. Ct. 871, 45 L. Ed. 1230, and authorities therein reviewed.] Since an appeal under Section 283 requires a trial de novo in the Circuit Court, which might properly dispose of the claim, no action should be taken in the Probate Court while such appeal is pending. We, therefore, hold that the Probate Court had authority to receive and file relator's petition and affidavit to vacate the allowance, but that all orders made to dispose of it during the pendency of the appeal were void.

■ Respondent also contends that relator has no interest in the estate, on the ground that he is not entitled to the ¼ share of Bessie Eichenberg. Relator's interest has been established by a decree of the Circuit Court of Jackson County in the case of William B. Bostian, Trustee v. M. G. Milens, Adm. et al., 354 Mo. 153, 188 S. W. (2d) 945. [For the material facts on this phase of the case see Milens v. Bostian (U. S. C. C. A.-8th), 139 Fed. (2d) 282.] It is within the discretion of the Probate Court to proceed at once with the hearing of relator's petition to vacate or to await the final determination of that case.

The provisional rule in prohibition is made absolute. All concur.