Jones, J.,
delivered the opinion of the Court.
This was an action on the case, brought by the plaintiff as such administrator, for the use and occupation of certain premises in the town of St. Louis, by the defend* ant, and at his special instance and testiest, and, by the permission of the plaintiff, held, occupied, and possessed, for a certain period of time, and alledging the defendant’s promise to pay, on request. To this declaration, a general demurrer was filed, which was sustained by the Court below; on which, error was brought.
On the argument of the cause in this Court, the defendant’s counsel contended:
First. That an action for use and occupation cannot be maintained in tills State.
Second. If it can, that the declaration ought to have been special, and a special assumpsit set forth ; and
Third. Tnat an administrator, as such, cannot sustain an action for rent, which accrued since the death of the intestate, the heir only having a right to sue.
The record not stating the grounds on which the demurrer was sustained, this Court is to dec.de on the law of the case, as presented by the pleadings.
In our opinion, the defendant, instead of demurring to the declaration generally, ought to have plead to the action ; and, on the trial of the issue, if the plaintiff could not prove an express promise, but relied ou the implied assumpsit, he could then have submitted the question of law, whether, from the proof adduced/the plaintiff would be entitled to a recovery in the the action, as brought. The rule being well established, that on a count of general indebitatus assumpsit, an express promise may be given in evidence, the Court below ought to have overruled the demurrer, so as to have given the plaintiff an opportunity of proving an express promise, or assumpsit.
The next inquiry is, as to the authority of an administrator to bring an action for rent.
There is no doubt that an administrator, by the common lawr, has no such authority ; hut by the act of 12th January, 1822, (passed prior to the bringing of this action,) he is authorized (o lease out, in the manner therein mentioned, the real estate of an intestate, who shall have died without leaving known heirs or legal representatives in the State.
The defendant, however, contends, that the plaintiff cannot avail himself of the provisions of this statute, under the declaration in the case, because it does not set forth the authority under which a lease (if such a one was given) wa3 made, and the permission of the County Court for the granting thereof. We do not think it abso *264 iutely necessary, that the declaration should make the statements contended for 5 nor do we think it is competent for a party who has possessed and enjoyed premises, by the permission of, and under an agreement with, an administrator, to controvert his right to a recovery.
Let the judgment of the Circuit Court he reversed, with costs, and the cause remanded to that Court, with instructions to overrule the demurrer, and for further proceedings therein, according to law.