EOFF, *Plaintiff in Error* v. THOMPKINS.

<div style="float:right">

| 66 | 225 |
|----|-----|
| a156 | 310 |

</div>

**Devisee and Executor**: EJECTMENT. Under the administration act, (Wag. Stat., 89, §§ 48, 49,) a devisee of real estate cannot maintain ejectment against one holding under a lease made by the executor of the devisor in obedience to an order of the probate court. The act expressly authorizes the executor to lease the real estate of his decedent, when so directed by competent authority, and the right of the devisee is subordinate to this.

### *Error to St. Louis Court of Appeals.*

Ejectment, brought by plaintiff as devisee under the will of Mrs. Long. Defendant was tenant in possession and had leased the premises in controversy from one Bushile, executor of Mrs. Long. The lease was made under the order of the probate court of St. Louis county.

*John Burke* for plaintiff in error

An executor, as such, cannot maintain or defend in ejectment. *Burdyne v. Mackey's ex'r*, 7 Mo. 374. He takes no interest in the real estate of his testator, but the naked power to sell to pay debts after the personal assets are exhausted. *Aubuchon v. Lory*, 23 Mo. 99; *Chambers v. Wright*, 40 Mo. 482; *Foltz v. Prouse*, 17 Ill. 487; *Gibson v. Farley*, 16 Mass. 280; *Stinson v. Stinson*, 38 Me. 593; *Mills v. Merryman*, 49 Me. 65; *Smith v. Bland*, 7 B. Mon. 21; *Kimball v. Sumner*, 62 Me. 305; *Lucy v. Lucy*, 55 N. H. 9.

SHERWOOD, C. J.—The circuit court held that inasmuch as the probate court had ordered the executor to lease the land in question, and the executor complied with the order, this was a bar to the ejectment prosecuted by the plaintiff devisee under the will of the former owner.

We are clear that this ruling, affirmed as it was, both in general term and by the court of appeals, was correct. The statute expressly authorizes executors, &c., to lease the real estate of their decedents, when so directed by compe-

tent authority, and to receive and collect the rents. 1 Wag. Stat., p. 89, § 48.

When a man dies, his real estate, though technically descending to his heirs, does so *cum onere*—immediately comes into the custody of the law, to be administered in due course. If the above provision is possessed of any effective meaning or force, the right of heirs or devisees is most manifestly subordinated to that obtained under the order of the probate court. As well might the heirs of a deceased bankrupt claim the right of possession of his realty, as the plaintiff in the present instance. And the fact that the realty is transferred to the assignee in bankruptcy by operation of law, by no means impairs the analogy between the two cases, since after satisfying the demands of the bankrupt's creditors, if any real estate be left, it would go to his heirs, and so it would also, under our law if not needed in the progress of administration. But until this fact be ascertained, after an order for leasing be made, the whole estate is in *custodia legis*, there to remain till, as stated in section 49, the court, satisfied that the real estate "need not be sold or leased," orders the executor to deliver possession to those entitled thereto. And our view of the end designed to be accomplished in this regard by the above mentioned sections, finds abundant confirmation in that provision of the partition act, prohibiting partition of land from being fully consummated until the estate has been settled, or the court satisfied that there is ample property *aliunde* to satisfy all claims, &c. 2 Wag. Stat., p. 973, § 51. The case of *Burdyne v. Mackey, ex'r,* (7 Mo. 374,) is not in point, for there the principal question was whether an executrix, as such, could maintain ejectment; and it was properly held she could not. But there was no order to lease made in that cause, and so the ability of the executrix to resist ejectment under such an order, was not passed upon. Under the act of January 12th, 1822, an administrator was authorized, under the order of the county court, to lease out the real estate of an intestate, dying without

known heirs in the State. And it was held at an early day (*Rector v. Ranken*, 1 Mo. 371), that an administrator, under such circumstances, might recover the rents in *assumpsit*. Now, the right to thus recover must inevitably be based on the validity of the lease, and this in turn rests upon the validity of the probate command to that effect.

In order to successfully lease, the administrator must be able to take and yield possession to his lessee. The ability of the administrator to do this, is utterly incompatible with the right of the heir or devisee during the continuance of the lease, to maintain ejectment.

Judgment affirmed. All concur.

AFFIRMED.