THE STATE TO USE OF BETTS, *Appellant* v. PURDY

67 89
a156 310
67 89
f161 561

**Public Administrator Executing a Will Colore Officii:** LIABILITY OF HIS SURETIES. A public administrator being named in a will as executor, without giving bond as such, and without giving the notice required by Wag. Stat., p. 123, § 8, assumed control of the estate devised and executed the powers conferred by the will. The probate court recognized his acts as those of the public administrator. In a suit by a distributee to recover a share of the estate; *Held*, that he was chargeable as public administrator and not as ex-

ecutor or private administrator with the will annexed, and his sureties were liable accordingly.

*Appeal from Audrain Circuit Court.*—HON. GILCHRIST PORTER, Judge.

*Ira Hall* for appellants.

1. The fact that Purdy called himself executor occasionally, is of no moment, as he never qualified; it is no more than if he had been and called himself a justice of the peace, in connection with public administrator, only it is more easily explainable, being named executor in the will, and, in fact, if administering as public administrator, as charged, he was bound to execute the will, and, so far, was executor in fact.

2. The filing of notice of taking charge of an estate is not indispensable to the validity of the administration, and in this case would be but an additional item of evidence as to the capacity in which he administered. 1 Wag. Stat., Sec. 11, p. 122; Sec. 14, p. 123; *Adams v. Larrimore,* 51 Mo. 131.

3. The question of Purdy's right to administer in this particular case, is not the test of the liability of the sureties. Did he, in fact, or did he profess or assume to administer as public administrator? Of these facts, the papers and records of his administration are the legitimate evidence. *Rollins v. State,* 13 Mo. 437 ; *State v. Powell,* 44 Mo. 436; *State v. Moore,* 19 Mo. 369 ; *Miss. Co. v. Jackson,* 51 Mo. 23.

4. A public administrator must alone decide whether he ought to take charge of an estate in all cases, except when ordered to do so by the proper court. And when he does so under a misconception of or in willful disregard of his duty, such mistake or misconduct comes within the scope and purpose of the bond required by statute. *State v. Farmer,* 21 Mo. 160 ; *State v. Shacklett,* 37 Mo. 280.

5. Appellants were not required, in order to make

out a case, to show that Purdy had the right to administer the estate as public administrator, although there was evidence tending to show it. It was shown that he did not qualify as executor, nor as private administrator of the estate, and the evidence showed that he was professedly in possession of the estate as public administrator, and the presumption of law is, that he was rightfully in possession, rather than wrongfully, as a trespasser. 1 Greenlf. Ev., § 40; 1 Phil. Ev. (4th Am. Ed.) p. 604, note 177, subd. 10; *Stagg v. Green,* 47 Mo. 500; *Phillips v. Stewart,* 59 Mo. 491; *Lamb v. Helm,* 56 Mo. 420.

*Thos. H. Musick, M. Y. Duncan,* with *T. J. C. Fagg, W. O. Forrist and W. P. Harrison* for respondent.

1. As public administrator, Purdy was only authorized to take charge of the estate in one of the cases specifically designated by the statute. (Gen. Stat. of 1865, p. 516, Sec. 8.) If he took possession in any other way it was wrongful, and his securities are not bound.

2. The papers filed by Purdy, during the time he was pretending to settle up the estate, are not competent as admissions of the principal, to bind the securities, because they did not constitute part of the *res gestae.* To make them competent for that purpose it was necessary to show, first, that the estate of Carbine was properly and legally in the possession of Purdy, as public administrator, and that what he said and did in reference to it was strictly in the line of his official duties. *Northrup v. Miss. Valley Ins. Co.,* 47 Mo. 435; *Blair v. Per. Ins. Co.,* 10 Mo. 559; *Western Boat. Benev. Ass. v. Kribben,* 48 Mo. 37.

3. The undertaking of the security is to be strictly construed, and his liability cannot be extended by implication beyond the terms of his contract. Purdy's settlements do not amount to estoppels as against his securities, and if the court made settlements with him or gave any sort of recognition of his right or authority to take charge

of Carbine's estate in his capacity of public administrator, still his securities would not be bound. *Blair v. Per. Ins. Co.*, 10 Mo. 559; *Nolley v. Callaway Co. Court*, 11 Mo. 447.

The will gave Purdy authority to sell, he had no authority or power to do so as public administrator, and although in the deeds in evidence, he recites both sources of authority, it is clear that he did not have and could not have had any authority derived from his public administratorship to sell the lands without an order of the court for so doing, together with a report of sale and approval. Then if any legal sale whatever was made, it was under the power in the will which he recites and as executor. Almost all the money which came into his hands, was derived from the sale of lands, and if these sales stand at all, it must be upon the power in the will, and because Purdy, the executor and donee thereof, acted as executor in this administration, for he could not have acted legally as executor in selling the lands, and as public administrator in everything else connected with the estate. If this money was ever rightfully in Purdy's hands at all, it was because he did not administer as public administrator but as executor. If he acted under his authority as public administrator, then there was no valid sale of the lands; the heirs and distributees can recover the real estate, and the purchasers will be the sufferers and entitled to this money.

NAPTON, J.—This action is against Purdy, public administrator of Audrain county, and his securities, upon an order of the probate court to pay over a legacy in the will of Francis Carbine. The testator died in Audrain county in 1866, where he had lived for eight or ten years. He was an unmarried man, without relatives in this State, and resided in the house of a friend until his death. His personal estate consisted of but a few dollars in money, a small library and his clothing—altogether estimated at less than two hundred dollars. He had, however, a considera-

ble real estate, and, of his will devising this, he made Purdy, public administrator, his executor. He directed his lands to be sold, and their proceeds to be distributed in certain proportions among his devisees, of whom the plaintiff, his half sister, was one.

An order was made by the probate court upon Purdy to pay over this sum, and, on his failure to do so, this suit was brought against his sureties on the bond as public administrator.

The only question is, whether these securities are liable for their principal's defalcations in the management of this estate. This is a question of law, depending on the construction to be given to the record of the probate court. The circuit court decided, on the production of this record, that the securities were not liable. Our opinion is that they are. Purdy calls himself, in his settlements with the probate court by various designations, public administrator, executor, administrator with the will annexed, and sometimes simply administrator. We think this of no importance. The question is in which capacity did the court recognize him, and in what capacity only could he act. That he did not qualify as executor is conceded. He took out no letters testamentary, and gave no bond. That he did not act as private administrator with the will annexed, is equally clear, for he applied for no such appointment, and gave no bond as such. Under the 8th section of our statute, five cases are enumerated in which the public administrator may assume charge of an estate, without the interposition of the probate court. In each of these cases he is left to decide in the first instance, whether his duties require him to act. He may be mistaken in his construction of this provision, and any one interested, in the event that his conclusion is wrong, may procure his removal, but unless this is done, and whilst he is acting *colore officii*, his securities are responsible.

A public administrator, when he takes charge of an estate where there is a will, is invested with the same

powers, and assumes the same duties as the executor or a private administrator with the will annexed. Purdy, it appears from the record in this case, exercised the powers confided to the executor in regard to the sale of lands. He was recognized by the probate court as administrator with the will annexed, and of course bound to conform to its provisions. The fact that Purdy never gave the notice required by the statute, to be given by a public administrator when he takes charge of an estate under the 8th section, cannot relieve him or his securities from responsibility. An officer, who exceeds his authority or disregards his duty, is nevertheless responsible, if he acts under color of his office. *Miss. County v. Jackson*, 51 Mo. 25 ; *Rollins v. The State*, 13 Mo. 437. So even where an administrator has no power to sell, and he does sell and fails to account for the proceeds, his securities are responsible. *State to use of Peppler v. Scholl*, 47 Mo. 84 ; *Gamble v. Gibson*, 59 Mo. 594. The record in this case clearly shows that the probate court recognized Purdy as administrator of the estate, under the will, by virtue of his public office. Indeed there was no other capacity in which he could act, without giving bond. Our statute says that the sale and conveyance of real estate under a will shall be made by the acting executor or administrator with the will annexed, if no other person be appointed by the will for that purpose, or if such person fail or refuse to perform such trust. Purdy never applied to the probate court for leave to sell, but evidently assumed that as he had been named executor in his official capacity of public administrator, and had given bond as such, he was authorized to proceed without additional bond. Whether he was mistaken in this, is not material. All his acts were in the capacity of public administrator, and were only recognized by the court as acting in that capacity. Judgment reversed and cause remanded.

REVERSED.