ST. LOUIS NATIONAL BANK et al. v. FIELD, STORTS et al.; E. B. FIELD, Administrator, Appellant.

### Division One, May 15, 1900.

1. Administration: TAKING POSSESSION OF REAL ESTATE: APPOINTMENT OF A RECEIVER. The administrator is not authorized to take possession of the real estate of deceased until ordered to do so by the probate court, but when so ordered, and when he takes possession under such order, the land is *in custodia legis* and the administrator is liable on his bond for the lawful application of the rents accruing therefrom. And if the real estate is burdened with a deed of trust, which is invalid because made without consideration, it is his duty to de-

fend the property against that incumbrance. And if such deed of trust is valid, and made to secure *bona fide* debtors of the mortgagor, who was insolvent at the time it was made and at his death, yet as the property is *in custodia legis,* the court has no authority to appoint a receiver to take possession of the property, collect its rents and turn them over to the mortgagees.

2. **Mortgage: RENTS.** A mortgage of land does not include the rents unless so expressed; but after the debt is due if the property is insufficient the rents may be collected by a receiver and so applied.

Appeal from Saline Circuit Court.—*Hon. Richard Field,* Judge.

REVERSED AND REMANDED (*with directions*).

*Johnson & Lucas* and *Chas. M. Hawley* for appellant.

(1) Our administration laws furnish ample authority for the administrator to care for and preserve the estate, to lease and repair realty without any permit from the circuit court, and he is required to do so and is liable on his bond for any waste or mismanagement of the estate. R. S. 1889, secs. 100, 101, 129 and 130; Powell v. Powell, 23 Mo. App. 365; Eoff v. Thompkins, 66 Mo. 225; Lass v. Eisleben, 50 Mo. 122; Lewis v. Carson, 16 Mo. App. 342; s. c., 93 Mo. 587. (2) Where a court not only possesses jurisdiction over a particular cause, but that jurisdiction is of a peculiar and exclusive nature, its sentence, order or decree, *ex directo,* in a matter properly cognizable there, is conclusive, whenever the same matter shall come in question collaterally in any other court, whether it be a court of law, or a court of equity. Story's Eq. Plead. (6 Ed.), sec. 786; Beames Pleading in Eq., 201; Cooper Eq. Pl., 268; Griffith v. Hamilton, 12 Ves. 307. (3) The probate court has original exclusive jurisdiction over the leasing of lands by administrators. The appellant, as administrator of the estate of Joseph Field, deceased, having taken charge of and leased the lands of said decedent by order of the probate court, the circuit court had no authority or jurisdiction to appoint a

receiver to take charge of, lease and collect the rents for the same. R. S. 1889, sec. 3397; Rogers & Baldwin Hard. Co. v. Cleveland Bldg. Co., 132 Mo. 442; Metzner v. Graham, 57 Mo. 404; Johnson v. Beasley, 65 Mo. 250; French v. Stratton, 79 Mo. 560; Caldwell v. Hawkins, 73 Mo. 450; Chandler v. Dodson, 52 Mo. 128; Pearce v. Calhoun, 59 Mo. 271; Cones v. Ward, 47 Mo. 289; Bauer v. Gray, 18 Mo. App. 173.

*D. D. Duggins* and *John A. Rich* for respondent Storts.

(1) The appellant, in his answer, unites in the prayer of the plaintiffs and becomes really one of the plaintiffs to the bill in equity. The bill seeks to wipe out and destroy the only security the respondent, Storts, as assignee of the Citizens' Stock Bank, held. The respondent in his answer denies the fraud, and denies the failure of consideration and at the same time asks that a receiver be appointed to take charge of the property in litigation, and it appears clearly that a court of equity has full power and authority to make such appointment. Sec. 2193, R. S. 1889. (2) This power is inherent in the court and not dependent upon any statute. No statute deprives the court of that power. Cox v. Wolkert, 86 Mo. 511. (3) It is not contended by the appellant in his brief that the court abused a sound discretion in appointing a receiver, and the order of the court in appointing a receiver will not be interferred with on appeal, except in cases where the discretion has been manifestly abused. 5 Thompson Com. on the Laws of Corps., sec. 6823. (4) The statute says a receiver may be appointed in any legal or equitable proceeding. In this case the appellant is virtually one of the plaintiffs, seeking to destroy the deed of trust, the respondent had filed his answer, and the case was properly in court. Suit is commenced when the petition is filed. Sec. 2013, R. S. 1889; So. Mo. Lumb. Co. v. Wright, 114 Mo. 326; Thompson v. Greeley, 107 Mo. 589.

VALLIANT, J.—This is an appeal from an order of the circuit court of Saline county, refusing to revoke its order appointing a receiver.

The plaintiffs had, before this suit, brought suits by attachment against Joseph Field in his lifetime, under which the lands in question were attached. Pending those suits Joseph Field died, intestate. The suits were revived and proceeded to judgments against his administrator. Just before the institution of those attachment suits Joseph Field executed a deed of trust conveying the land to secure the Citizens' Stock Bank in certain alleged indebtedness. The petition in the case at bar attacks that deed of trust, alleging that it was executed for the purpose of defrauding the creditors of the grantor, and that it was without consideration. The object of the suit is to obtain a decree cancelling the deed of trust, and subjecting the land primarily to the payment of plaintiffs' judgments. It appears in the petition that the Citizens Stock Bank made an assignment for the benefit of its creditors. The defendants in the case are the administrator of Joseph Field, the assignee of the bank, and the trustee in the deed of trust.

The administrator filed a separate answer in which he avers, among other things, that the deed of trust was invalid because it was executed without consideration, that the estate is insolvent, that the land is necessary to pay the debts, that under orders of the probate court he has taken possession of it, leased it and is proceeding to administer upon it in due course; the answer is made a cross bill against his co-defendants, and prays that the deed be cancelled. The assignee answers admitting the assignment, etc., and the execution of the deed of trust, and denies all the other allegations. The answer of the trustee is a general denial. The assignee in addition to his answer, filed also a petition stating that the property described in the deed was insufficient

to pay the debt sought to be secured, that the estate was insolvent, that the administrator, under order of the probate court had taken possession of the mortgaged land, and rented it; that the rents would be needed in the payment of the mortgage debt, and prayed that a receiver be appointed to take possession, collect rents, etc. Upon hearing that petition the proof tended to sustain its allegations, the court appointed a receiver as prayed. In due time a motion by the administrator was filed to revoke the order of appointment, which the court overruled and the administrator appealed.

There is nothing shown by the record in this case to authorize the appointment of a receiver. The property was already in the custody of the law and in the immediate care of a competent officer.

Under our law, upon the death of an intestate his whole estate, real as well as personal, is liable to come into the hands of his administrator for the payment of his debts. The administrator is not authorized to take possession of the real estate until ordered to do so by the probate court, but when so ordered, and when he takes possession under such order, the land is *in custodia legis*, and the administrator is liable on his bond for the lawful application of the rents arising out of it. It is his duty to collect the rents, and if so ordered by the probate court pay off the mortgage, if any, on the land, or if the court so order, sell it subject to the mortgage. [Eoff v. Thompkins, 66 Mo. 225; State to use v. Purdy, 67 Mo. 89; Lewis v. Carson, 93 Mo. 587.] The fact that the estate is insolvent and unable to redeem the mortgage, or that the mortgaged property is insufficient for that purpose, is a subject to influence the probate court in determining what orders it will make in reference to the mortgaged property, but it does not affect the jurisdiction of that court over the subject.

In the case at bar the administrator says the deed of

trust in question is invalid because it was executed without consideration. Under that statement it is his duty to defend the property against that claim.

The statute forbids a sale of land under a mortgage or deed of trust within nine months after the death of the mortgagor. [Sec. 144, R. S. 1889.] That provision is in line with other requirements of our statutes regarding the administration of estates indicating the control and care that the administrator should take of the real estate even when it is mortgaged. An administrator is said to stand in the shoes of the intestate, and that is true as regards the status of the property that comes into the administrator's hands and of the contracts made by the intestate affecting it. But in transactions arising after the administrator's appointment, affecting his management of the estate, his position is not always that which the intestate if living would occupy. The fact that he is a bonded officer accountable to the law and acting under orders of the court, makes a difference. A mortgagee who comes into a court of equity after his mortgage is due, and shows that the property is not worth the amount of the debt, that the mortgagor is insolvent and the rents are liable to be collected by the insolvent debtor. and diverted from their legitimate course, is ordinarily entitled to a receiver to collect and hold the rents to be applied as the court in its final decree may adjudge. But when the property is in the hands of the administrator, whose bond covers it and secures the faithful application of the rents, the necessity for the appointment of the receiver does not exist.

The appointment of a receiver should be made with great caution and only, when it has become a necessity. [High on Receivers (3 Ed.), sec. 553.] Unless the mortgage expressly covers the rents of the mortgaged land, the mortgagee is not entitled to them, but the mortgagor may collect and use them as he sees fit. [Kennett v. Plummer,

28 Mo. 142; In re Life Association, 96 Mo. 632; 2 Jones on Mort. (5 Ed.), sec. 1120.] This, however, is subject to the condition that after the mortgage is due he may come into court with a bill to foreclose and have a receiver appointed upon the showing above indicated; but until such proceeding is taken the mortgagor, even after the mortgage debt is due, may lawfully collect and dispose of the rents, and the mortgagee is not entitled to an account of the same from him or his assignee. [American Bridge Co. v. Heidelbach, 94 U. S. 798.] Whether after the death of the mortgagor who died in possession and before any proceedings had been taken by the mortgagee to bring the rents under the cover of his mortgage, the rents could still be reached by the mortgagee in the hands of the administrator, is a question that is not now here for decision. But it is sufficient for the decision of the cause before us at present, to say that if the mortgagee is entitled to the rents, the collection of them by the administrator does not place them out of his reach, and in contemplation of law they are as safe as they would be in the hands of a receiver. There is in the case before us no suggestion of insufficiency of bond or misconduct of the administrator. It is simply a case where the mortgagee prefers to have the rents collected and held for final judgment by a receiver appointed by the circuit court, than by the administrator already in possession, and entirely responsible and accountable. Under those conditions there was no lawful ground for the appointment of a receiver.

The order of the circuit court of June 18th, 1897, overruling the administrator's motion to set aside and revoke the interlocutory decree appointing a receiver should have been sustained. The ruling of the circuit court on that point is reversed, and the cause remanded with directions to that court to sustain the motion above named, and in conformity thereto to revoke the appointment of the receiver,

and make proper orders to restore to the administrator all that he was deprived of under that interlocutory decree.

All concur.