DEWITT ROLLINS ET AL. V. L. M. SHANER ET AL., Appellants. —292
S. W. 419.

Division Two, March 14, 1927.

1. **EJECTMENT: Right to Possession.** An action of ejectment cannot be maintained unless plaintiff is entitled to possession. Ejectment is primarily a possessory action, and however perfect and unassailable plaintiff's title in fee may be, he cannot maintain the action against another who is in actual possession under a valid judgment rendered by a competent court in harmony with valid statutory powers.

2. ———: **Against Administrator: In Possession Under Order of Probate Court.** An order of the probate court, declaring that it appearing to the court that deceased died possessed of certain real estate and that his heirs have failed to take possession of the same and ordering that the administrator take charge and manage and control the same during the period of his administration, or until such time as the legal heirs of deceased may claim and take possession thereof, is based upon the statute (Sec. 130, R. S. 1919), and all presumptions relating to the regularity of the action of the court in making it must be resolved in its favor; and such order gives to the administrator the right to possession, and precludes the plaintiff, claiming to be the natural son and sole heir of the deceased and that deceased lawfully married the mother of plaintiff after plaintiff's birth and recognized him as his son, from maintaining ejectment against the administrator while said order remains in force.

3. **ADMINISTRATION: Possession of Real Estate: Conflicting Statutes: Sections 129 and 130.** There is no conflict between Sections 129 and 130, Revised Statutes 1919. Section 129 authorizes the probate court to order the administrator to take charge of decedent's real estate for the purpose of renting the same and using the rental to pay debts; Section 130 authorizes the court to order the administrator to take charge of real estate that needs care and attention, which may not include renting it. Each was enacted for a specific, but an entirely different, purpose.

4. ———: ———: **Administrator: Agent of Heirs.** In a certain sense the administrator or executor is the agent of the heirs or legatees, but his agency is not personal, but representative. He is responsible to them for acts in excess of his authority, but while acting within his authority and in accordance with the law he may legally act against their express wishes. More aptly, he is the agent of the probate court, whose valid orders he must obey; and if in pursuance to a valid order made under Section 130, Revised Statutes 1919, he takes charge of decedent's real estate. he does not act as a mere agent for absent heirs, but has a legal possessory right.

5. ———: ———: **Jurisdiction of Probate Court: Premature Ejectment.** The probate court has jurisdiction under the statute (Sec. 130, R. S. 1919), where the conditions stated therein exist, to order the administrator to take charge of decedent's real estate of which the heirs have failed to take charge, and while said order is in force and he is in possession the heirs cannot maintain ejectment against him.

---

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 2662, p. 731, n. 81. **Courts**, 15 C. J., Section 426, p. 1012, n. 91; Section 581, p. 1131, n. 31. **Ejectment**, 19 C. J., Section 4, p. 1030, n. 20; Section 44, p. 1065, n. 56. **Executors and Administrators**, 23 C. J., Section 387, p. 1171, n. 21 New; 24 C. J., Section 603, p. 136, n. 65; Section 608, p. 138, n. 83; Section 689, p. 191, n. 58.

Appeal from Cape Girardeau Court of Common Pleas.—*Hon. John A. Snider,* Judge.

Reversed and remanded (*with directions*).

*Spradling & Dalton* and *Hines & Hines* for appellants.

(1) Plaintiff was required to establish by clear, cogent and convincing testimony, that he was entitled to the immediate possession of the land, as against the administrator, who was ordered to take charge of the land by the Probate Court of Cape Girardeau County, under the provisions of Sec. 130, R. S. 1919. The making of this order vested the administrator with the right to the immediate possession of the premises; "until such time as such heirs or legatees shall appear and petition the court to turn the management of said real estate over to them, or until the same shall escheat to the State as provided by the escheat act." (2) That part of Section 130 which directs the heirs who claim the same or might claim the same to go to the probate court and claim it was binding on plaintiff. If plaintiffs had any remedy as against the administrator it was not ejectment, but by petition to the probate court to set aside the order, giving the administrator notice. The statute so speaks in plain terms. Any other construction of the statute would result in conflict of the courts, each trying to exercise the control over the administrator. To set aside an order made under Section 130 the heirs should have complied with its plain requirements, otherwise both the order and the statute would be a mere nullity. (3) The heirs may not sue in ejectment and recover from an administrator who is in possession of the premises under an order of the probate court. Eoff v. Thompkins, 66 Mo. 225; St. Louis Nat. Bank v. Field, 156 Mo. 310. (4) The rule is: "When a court of competent authority takes jurisdiction, that fact excludes the jurisdiction of all other courts over the case, and all its incidents, excepting courts as have appellate and supervisory control, there being nothing left to which the jurisdiction of another court can attach." State ex rel. v. Reynolds, 209 Mo. 161, 15 L. R. A. (N. S.) 963. There is nothing in the record of the probate court to show that the order directing the administrator to take charge was void and that is the only way that this order can be attacked, by the record of the probate court itself. Langston v. Canterbury, 173 Mo. 131. (5) The answers filed by the other defendants could neither lessen nor prejudice the rights of the administrator to the possession of the land under the said order of the probate court. The said order was a complete protection to the administrator as against any suit at the hands of the heirs, and any answers or issues presented by the other defendants in the case could not change

this rule, and the trial court should have so found. Under the holdings in the foregoing cases the administrator was entitled to possession, notwithstanding other defendants may have raised other issues. For plaintiff to recover in ejectment he must be entitled to the possession of the land at the time of the institution of the suit. Sec. 1815, R. S. 1919.

*Hardesty & Limbaugh* for respondents.

(1) There was no lack of jurisdiction in the trial court, and its judgment doing full justice on all issues of the case should be affirmed. (a) All parties submitted the case to the common pleas court, thereby waiving any prior jurisdiction of the probate court. Secs. 1970, 13681, R. S. 1919; Paskewie v. Ry. Co., 197 Ill. App. 1. (b) The probate court's jurisdiction was inadequate for adjudicating the issues herein, and was not concurrent with or sufficient to oust the adequate jurisdiction of the common pleas court. Secs. 129, 130, 2542, R. S. 1919; Langston v. Canterbury, 173 Mo. 122; Re Pitts' Est., 153 Iowa, 269; Re Morrison's Est., 196 Pa. 81; State ex rel. v. Wurdeman, 232 S. W. 1002; Secs. 2436, 13681, R. S. 1919; State ex rel. v. Ittner, 304 Mo. 135; State ex rel. v. Holtcamp, 266 Mo. 347; 15 C. J. 1134; Lauraine v. Masterson, 193 S. W. 708; Wyss v. Bookman, 212 S. W. 299; Wilson v. Baker, 64 Cal. 476; Berry v. Hindman, 129 S. W. 1181; Pietraszwicz v. Pietraszwicz, 181 N. W. 722; Stehn v. Hayssen, 124 Wis. 583. (c) No possible conflict of jurisdiction or prejudicial error appear from the record herein and the judgment should, therefore, be affirmed. State ex rel. v. Reynolds, 209 Mo. 161; Hamilton v. Crowe, 175 Mo. 645.

DAVIS, C.—This is an action in ejectment instituted to obtain possession of sixty-one acres of land in Cape Girardeau County. The petition, after averring the usual matter in ejectment, set forth that plaintiffs are children of Medora Rollins, formerly the wife of Alfred Rollins, and are the natural sons and only heirs of John Green, deceased, who lawfully married Medora Rollins after the birth of these plaintiffs, whom he recognized as his sons. The court found in favor of Linus Rollins, adjudging that he was the sole heir of John Green and entitled to the possession of the land, entering judgment accordingly, from which judgment defendants appealed. The court further found against DeWitt Rollins, but as he failed to appeal, we dismiss him from further consideration.

The petition named L. M. Shaner, administrator of the estate of John Green, deceased, the sole defendant. However, the brother and sisters of John Green, to-wit, Joseph Green, Sarah Green, Roxana Green and Della Williams were made, on their motion, defendants.

The court on its own motion caused Cassie, Robert and Sarah Green, the minor children of a deceased brother of John Green, to be made defendants and ordered summons issue for them.

The petition and answers allege that John Green died intestate, leaving the sixty-one acres of land in Cape Girardeau County, and that defendant L. M. Shaner was appointed, by the Probate Court of Cape Girardeau County, administrator of his estate. The answers then set forth that the administrator became lawfully possessed of the land by virtue of an order of the probate court, still in force, which gave the probate court jurisdiction over the real estate for the purposes mentioned in the order, and held the administrator accountable to the probate court for the management and control thereof, and that plaintiffs were not entitled to possession.

The order of the Probate Court of Cape Girardeau County, relative to the control of the real estate of John Green, reads: "And it appearing to the court that deceased died possessed of certain real estate, situate in the County of Cape Girardeau, State of Missouri, and that the heirs of said deceased have failed to take charge of the same; it is ordered by the judge of the court, on his own motion, that L. M. Shaner, administrator of said deceased, take charge and manage and control the same during the period of his administration, or until such time as the legal heirs of deceased may claim and take possession thereof."

Considering the view we take of the case, we deem it impertinent to relate other facts, but such additional facts, if any we think important, will be noted later.

I. An action in ejectment is based on the right of possession to real property. No matter how perfect and unassailable may be plaintiff's title in fee, ejectment fails unless it is shown plaintiff is entitled to possession. Section 1815, Revised Statutes 1919, **Nature of** under the title ejectment, reads: "An action for the **Ejectment.** recovery of the possession of premises may be maintained in all cases where plaintiff is legally entitled to the possession thereof."

In Evans v. Kunze, 128 Mo. 670, 31 S. W. 123, relative to ejectment, it is said: "While ejectment is an appropriate form of action in this State to try title, yet it is by nature a possessory action. Title to real estate does not always draw to it the right of immediate possession. Hence while the action of judgment always tries the right to possession, it may not always try the title. Hence a simple judgment in ejectment is not a bar to a subsequent like action upon the same title."

II. We are thus brought to the point of determining whether plaintiff was legally entitled to the possession of the real estate,

which depends on and involves the right of the administrator of John Green's estate in that regard. His right to possess was founded on an order of the probate court reciting that the heirs of John Green had failed to take charge of the real estate, which then directed the administrator to take charge and manage same during the period of his administration or until such time as the legal heirs claim and take charge thereof. The order was based on Section 130, Revised Statutes 1919, which is as follows:

**Possession of Administrator.**

"Whenever letters of administration or testamentary shall have been granted on an estate, and it shall appear to the court or judge in vacation, that the decedent died possessed of real estate in the State, and his heirs or legatees have failed to take charge of same, or the identity or whereabouts of such heirs or legatees are unknown, then the court or judge in vacation may on its or his own motion, or that of any party interested, direct the administrator or executor in charge of said estate, to take charge and manage the real estate, until such time as such heirs or legatees shall appear and petition the court to turn the management of said real estate over to them, or until the same shall escheat to the State as is provided by the 'escheat act.' "

Empowered by the statute, it was within the discretion of the probate court to determine the facts necessary to the validity of the order, and·as the order expressly recites a determinative fact, that the heirs of the deceased failed to take charge of the real estate, we resolve all presumptions relative to the regularity of the action of the court in its ·favor. Provided the probate court had jurisdiction to enter its order, it gave the administrator the possession thereof.

III.  Plaintiff maintains that the jurisdiction of the probate court is bottomed on Sections 130 and 2542, Revised Statutes 1919; that Section 130 was enacted in 1911 and in determining its force should be construed with Section 129 enacted prior to Section 130 and still in force. The pertinent portion of Section 129 reads:

**Statutes: Possession of Decedent's Real Estate.**

"No administrator or executor, except an executor acting under power conferred by will, shall rent or control the real estate of the deceased, unless the probate court having jurisdiction shall be satisfied that it is necessary to rent said estate for the ·payment of debts, and make an order of record requiring such administrator or executor to take possession of and rent the same for a period not exceeding one year; and upon such order, such executor or administrator may prosecute and maintain any action for the recovery of such real estate in the same manner and with like effect as the testator or intestate might have done in his lifetime."

Arguing the matter, plaintiff maintains that the only way Sections 129 and 130 can be reconciled is to construe them to the effect that no administrator can have a possessory right in real estate superior to that of the heirs, except that the administrator take charge under an order of court for the payment of debts; that unless such a situation appears the rights of the heirs are paramount; that an administrator, taking charge of an estate under Section 130, merely takes charge as agent for the absent heirs.

We do not consider that Sections 129 and 130 conflict or that there is a necessity of reconciling them. It is true that Section 129 prohibits an administrator from renting or controlling the real estate unless the probate court is satisfied that it is necessary to rent same for the payment of debts. But Section 129 relates only to renting the property and the word "control," as used therein, refers to the administrator taking charge of the real estate to rent same when necessary for the payment of debts. The purpose of the section was to give the probate court power to authorize the administrator to rent the real estate when it was found that the estate owed debts and lacked sufficient personal property to pay same. On the other hand, Section 130 empowers the probate court to direct the administrator to take charge of real estate that needs care and attention. Taking charge and managing real estate does not necessarily include renting it, but rather means that the administrator shall give it care and attention during the period of his administration and until the heirs appear and petition the court to turn the management over to them. We do not think the statutes conflict. Each section was enacted for a specific, but an entirely different purpose. Each refers to a well-defined field of action, the one to the subject of rentals for the purpose of paying debts, and the other to the management of neglected real estate needing care and attention.

It is true in a certain sense that an administrator is the agent of the heirs and the legatees, but his agency is representative rather than personal. The appointment obtains, in some instances, irrespective of the wishes of the heirs. He is responsible to them for any act without his authority. But acting within his authority and in accordance with law, he may legally perform acts against the express wishes of the heirs. His rights as administrator cannot be revoked without the consent of the courts. He holds *in custodia legis* the estate coming into his hands as administrator. Therefore, in the strict sense of the word, he is not the agent of the heirs, but is rather the agent of the probate court whose orders, generally speaking, he must obey.

IV. Plaintiff further maintains that the jurisdiction of the probate court was inadequate to determine the issues and that it was not

concurrent with or sufficient to oust the comprehensive jurisdiction of the court of common pleas; that the jurisdiction of the probate court is purely administrative; that jurisdiction to determine either title or right to possession in ejectment and the only jurisdiction available for that purpose is lodged in the common pleas or circuit court, and not in the probate court.

**Jurisdiction.**

Plaintiff to support his contention cites State ex rel. v. Wurdeman, 232 S. W. 1002; State ex rel. v. Ittner, 304 Mo. 135, 263 S. W. 158; State ex rel. v. Holtcamp, 266 Mo. 347, 181 S. W. 1007; State ex rel. v. May, 290 Mo. 302, 235 S. W. 124; State ex rel. v. Locker, 266 Mo. 384, 181 S. W. 1001.

We have no quarrel with the rulings found in the above cases, but we do not deem them apposite. Nor do we deny the jurisdiction of the common pleas and circuit courts in ejectment to determine title and the right to possession. However, the jurisdiction of such courts to try these matters is not a question here involved. The determinative point is the right of plaintiff at the time of filing suit to possess the real estate, and this returns us to the order of the probate court and its jurisdiction to enter the order. Concerning that matter we have no doubt, for its jurisdiction to enter the order relates solely to a probate matter, the care of a decedent's estate, and comes within the jurisdictional limits granted the probate court as defined by the Constitution.

That the heirs may not sue in ejectment and recover possession from an administrator who possesses the premises under an order of probate court, is demonstrated by Eoff v. Thompkins, 66 Mo. 225, and St. Louis National Bank v. Field, 156 Mo. 306. The pertinent portion of the former case reads:

"The circuit court held that inasmuch as the probate court had ordered the executor to lease the land in question, and the executor complied with the order, this was a bar to the ejectment prosecuted by the plaintiff devisee under the will of the former owner.

"We are clear that this ruling, affirmed as it was, both in general term and by the court of appeals, was correct. The statute expressly authorizes executors, etc., to lease the real estate of their decedents, when so directed by competent authority, and to receive and to collect the rents. [1 Wag. Stat. p. 89, sec. 48.]

"When a man dies, his real estate, though technically descending to his heirs, does so *cum onera*—immediately comes into the custody of the law, to be administered in due course. If the above provision is possessed of any effective meaning or force, the right of heirs or devisees is most manifestly subordinated to that obtained under the order of the probate court."

In St. Louis National Bank v. Field, it is said:

"Under our law, upon the death of an intestate his whole estate, real as well as personal, is liable to come into the hands of his administrator for the payment of his debts. The administrator is not authorized to take possession of the real estate until ordered to do so by the probate court, but when so ordered, and when he takes possession under such order, the land is *in custodia legis,* and the administrator is liable on his bond for the lawful application of the rents arising out of it. It is his duty to collect the rents, and if so ordered by the probate court pay off the mortgage, if any, on the land, or if the court so order, sell it subject to the mortgage. [Eoff v. Thompkins, 66 Mo. 225; State to use v. Purdy, 67 Mo. 89; Lewis v. Carson, 93 Mo. 587.] The fact that the estate is insolvent and unable to redeem the mortgage, or that the mortgaged property is insufficient for that purpose, is a subject to influence the probate court in determining what orders it will make in reference to the mortgaged property, but it does not affect the jurisdiction of that court over the subject."

By virtue of the logical reasoning and sound principles found in the above cases, we hold that John Green's administrator was in possession of the real estate under a competent order of the probate court, that plaintiff was not entitled to possession, and that his action was prematurely brought.

In view of what we have said the cause should be reversed and remanded with directions to dismiss the cause. It is so ordered. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.