**MILENS v. BOSTIAN (two cases).**

**Nos. 12677, 12678.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 28, 1943.

A. J. Granoff, of Kansas City, Mo. (Julius C. Shapiro and Myer M. Rich, both of Kansas City, Mo., on the brief), for appellants.

Nelson E. Johnson, of Kansas City, Mo. (C. E. Thomson, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The referee in bankruptcy on February 4, 1943, in a summary proceeding in the Matter of Bessie Eichenberg, Bankrupt, entered an order and judgment determining that the bankrupt had an undivided one-fourth interest in the estate of her de-

ceased brother, Harry C. Milens, that her trustee in bankruptcy was entitled to her interest, and that a purported renunciation of it, made by her, was void. The order and judgment voided the renunciation and required the administrator of the estate of Harry C. Milens to turn over to the trustee in bankruptcy "an undivided one-fourth (¼) interest in the estate of the said Harry C. Milens, deceased, subject to the payment of the valid debts of said estate, and the costs of administration therein, at such time as an order of distribution may be entered in said estate by the Probate Court of Jackson County, Missouri." The order and judgment permanently enjoined the administrator from transferring this undivided interest to any person other than the trustee in bankruptcy. On petition to review, the order and judgment was affirmed by the District Court.

These appeals, one by the administrator of the estate of Harry C. Milens, deceased, and the other by an heir of the deceased, challenge the jurisdiction of the court of bankruptcy to enter the summary order and judgment.

The facts out of which the controversy arises are not in dispute. In 1935, in a State court of Missouri, L. E. Fenton obtained a judgment for $29,392.28 against Bessie Eichenberg, upon which nothing has been paid. On February 1, 1942, Harry C. Milens, her brother, died intestate, leaving her and her sister, Rebecca Westerman, and two brothers, M. G. Milens and Charles E. Milens, as his sole heirs. On February 5, 1942, the Probate Court of Jackson County, Missouri, appointed M. G. Milens administrator of the estate of Harry C. Milens, deceased. The estate was valued at more than $90,000. On May 25, 1942, Bessie Eichenberg executed a renunciation and disclaimer of any interest in the estate. This instrument was dated March 9, 1942, and was directed to and served upon M. G. Milens, administrator. No consideration was paid for the renunciation, and Bessie Eichenberg was insolvent when she executed it. On July 20, 1942, an involuntary petition in bankruptcy was filed against her. On August 5, 1942, she was adjudged a bankrupt, and William B. Bostian was appointed trustee in bankruptcy of her estate.

On September 19, 1942, the trustee filed with the referee a petition for the entry of the order and judgment which the appellants now challenge. The petition asserted, in substance, that the bankrupt's renunciation of her interest in the estate of her deceased brother was a transfer of her property within one year of the filing of the petition in bankruptcy and while she was insolvent, and was void; that the trustee was entitled to her interest in the estate; and that M. G. Milens, administrator, unless restrained, would distribute the interest of the bankrupt to the other heirs of Harry C. Milens. An order was issued by the referee and served upon M. G. Milens, individually and as administrator, Charles E. Milens, Rebecca Westerman, and the bankrupt, directing them to show cause why the prayer of the petition should not be granted.

At the hearing upon the petition, M. G. Milens, as administrator, appeared specially and objected to the jurisdiction of the referee. Charles E. Milens also entered a special appearance and objected to the jurisdiction on the ground that he was an adverse claimant "to a right, title and interest in said estate of Harry C. Milens, Deceased, of the asserted one-fourth interest therein, of said bankrupt, when and as the same may be distributed, and become due and payable." Rebecca Westerman did not appear, although she testified as a witness. The bankrupt filed a motion to dismiss the petition upon the ground that it stated no claim upon which relief could be granted, and because the court of bankruptcy was without jurisdiction of the subject matter.

The referee overruled the objections to his jurisdiction, denied the motion of the bankrupt to dismiss, and entered the order appealed from. He determined that the bankrupt had a vested equitable interest in her deceased brother's estate which she could not transfer in fraud of her creditors; that she had, prior to her purported renunciation, signed a document evidencing her intention to accept her interest in the estate; that she was guilty of fraud and collusion in attempting to renounce her interest; and that the administrator of the estate of her deceased brother holds her undivided one-fourth interest in that estate in trust for the trustee in bankruptcy.

It is conceded that, at the time the order and judgment appealed from was entered, the estate of Harry C. Milens was being

administered by the Probate Court of Jackson County, Missouri, that the assets of the estate were in the custody and possession of M. G. Milens as administrator, and that no decree of distribution had been entered. It is also conceded that the courts of Missouri have not as yet determined what effect (if any) the renunciation by an heir of an interest in the estate of an intestate has upon the rights of creditors of the heir who renounces, or upon the rights of the other heirs of the intestate. The object of the summary proceeding brought by the trustee in bankruptcy was to obtain a determination that he alone was entitled to the share of the estate of Harry C. Milens which he (the trustee) asserted belonged to the bankrupt at the time of the filing of the petition in bankruptcy, and to make certain that he would ultimately secure possession of that share.

The referee and the District Judge were of the opinion that the right of Bessie Eichenberg to share in the estate of her deceased brother—which right they concluded she still owned at the time of the filing of the petition in bankruptcy—empowered the bankruptcy court to enter the order and judgment which is challenged. They determined that it was not necessary for the trustee in bankruptcy to bring a plenary suit to obtain the bankrupt's share of her deceased brother's estate.

■ We think that the case of Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876, indicates that summary jurisdiction cannot be sustained in the instant case. The Supreme Court said in that case (page 481 of 309 U.S., page 630 of 60 S.Ct., 84 L.Ed. 876): "Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy."

■ Assuming that Bessie Eichenberg's right to an undivided one-fourth share of her deceased brother's estate was not affected by her renunciation, she had, at the time of the filing of the petition in bankruptcy, neither the possession nor the right to the possession of any of the property belonging to that estate. All of the property of the estate was in the possession and custody of M. G. Milens as administrator.

He had been appointed by, and was subject to the jurisdiction of, the Probate Court of Jackson County, Missouri. He was not the agent or bailee of the bankrupt. He was the agent of the Probate Court, and as such held in custody the property of the estate for administration in accordance with the laws of Missouri and the directions of that court. Rollins v. Shaner, 316 Mo. 953, 292 S.W. 419, 421. In Cook v. McCoy, Mo.App., 118 S.W.2d 1043, 1046, it was held, in effect, that an heir is not entitled to his distributive share of an estate until all debts and charges against the estate have been paid and an order of distribution has been entered, and that an administrator is not liable to suit by an heir until that time. In Bank of Hamburg v. Tri-State Savings & Loan Ass'n, 8 Cir., 69 F.2d 436, page 438, this Court, after pointing out that, under the laws of Arkansas, an administrator was entitled to the possession of the land belonging to a decedent, said: "With the above state of law in Arkansas as to the rights of possession in this administratrix, which began far more than four months before the petition in bankruptcy was filed, it seems to us there could be no such character of right of possession in this bankrupt sufficient to constitute a basis for possession in the bankruptcy court as a ground of jurisdiction. The probate court clearly had the sole right to jurisdiction over and possession of this land several years before the bankruptcy proceeding; the administration in the probate court is still in course with unpaid debts for which this land is liable; and nothing has been done by that court to, in any wise, weaken or affect its jurisdiction over and its right to exclusive possession of this land."

Compare Marcell v. Engebretson, 8 Cir., 74 F.2d 93, 96, 97, and Thompson v. Terminal Shares, Inc., 8 Cir., 104 F.2d 1, 9. See also 11 U.S.C.A. § 46.

■ There is another reason why we think that the court of bankruptcy should not have proceeded summarily. No matter how improbable it is that the courts of Missouri will rule that the renunciation by an insolvent heir of his interest in the estate of an intestate is effective as against creditors, the question is one of State law which has not been settled. It is conceivable that the turn-over order made by the court of bankruptcy may conflict with the order of distribution ultimately to be

entered by the Probate Court of Jackson County. We think that the possibility of such a conflict is to be avoided. The Supreme Court of the United States in Thompson v. Magnolia Petroleum Co., supra, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876, was of the opinion that where a trustee, appointed by a court of bankruptcy, sought to recover property claimed by others, and his claim depended upon the title of the debtor to the property, and the title depended upon an unsettled question of state property law, the bringing of a plenary suit in a state court by the trustee was the course to follow.

We conclude that the court of bankruptcy lacked summary jurisdiction to enter the order and judgment appealed from against M. G. Milens, as administrator. The court of bankruptcy can, however, enjoin him, pending the bringing of a plenary suit by the trustee, from distributing the share of the estate of Harry C. Milens to which the trustee claims to be entitled. Steelman v. All Continent Corp., 301 U.S. 278, 287, 57 S.Ct. 705, 81 L.Ed. 1085; Thompson v. Magnolia Petroleum Co., supra, page 483 of 309 U.S., page 630 of 60 S.Ct., 84 L.Ed. 876. We conclude also that the controversy between the trustee and Charles E. Milens could not, over objection, be determined by the court of bankruptcy in a summary proceeding.

The order and judgment appealed from, in so far as it affects the appellants, is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.